### In re TRANSFER PENALTY CASES.

(Supreme Court, Appellate Term. March 2, 1905.)

1. CARRIERS—STREET RAILWAYS—TRANSFERS—REFUSAL—PENALTIES.
   Only one penalty for the refusal of a street railway to transfer a passenger can be recovered in a single action, and the institution of such action is a waiver of all previous penalties incurred, but does not prevent an action for a subsequently accruing penalty.

2. APPEAL—DISPOSITION OF CAUSE—REVERSAL OR MODIFICATION.
   Where a judgment is erroneous in permitting a recovery for more than one penalty, whether it shall be reversed or modified so as to permit a single recovery is in the discretion of the appellate court.

**3. SAME—JUDICIAL NOTICE.**

Where, in an action against a street railway to recover penalties for failure to issue transfers, there has been a recovery for more than one penalty, so that it appears on the face of the record that the judgment is erroneous, and cannot stand, and whether it shall be reversed or modified is within the discretion of the court, in the exercise of such discretion the court can take judicial notice of the records in other cases between the same parties to determine whether it shall reverse or modify the erroneous judgment.

Appeal from Municipal Court of New York, Special Term.

In the matter of the transfer penalty cases. From judgments for various plaintiffs, defendant street railway appeals. Orders advised.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

PER CURIAM. The appeals now pending in this court wherein recoveries have been had for penalties incurred by street railroad companies owing to their refusal to deliver transfers may, for convenience, be divided into four classes. The first class is comprised of those cases in which the plaintiffs have recovered only a single judgment, but that is for more than a single penalty. As to each of these judgments, they must be reduced to the sum of $62, representing a single penalty of $50 with $12 costs in the Municipal Court, and, as reduced, will be affirmed without costs in this court.

The second class is comprised of the cases in which the same plaintiff has brought two (and in one case three) actions for penalties, and in each case has recovered for more than a single penalty, but the second (and in one case the third) action has been begun for penalties which accrued after the institution of the prior action. These successive actions, except in so far as each judgment is for cumulative penalties, are not within the condemnation expressed by the Court of Appeals in the Topham and Scudder Cases. Each judgment comprised within this class should therefore be reduced to $62—one penalty and Municipal Court costs—and, as reduced, should be affirmed, without costs in this court.

The third class of cases presents different considerations. It consists of appeals from judgments, all but one being for more than a single penalty, recovered in two or more actions by the same plaintiff, of which the later are based on refusals to issue transfers which occurred prior to the commencement of the first action. In some instances the same plaintiff has judgments for refusals which took place subsequent to the institution of the plaintiff's first action, but prior to the institution of some other actions embraced in the second class. The rule respecting the attempt to recover cumulative penalties in these cases has been thus stated by the Court of Appeals: "A sound public policy requires that only one penalty should be recovered in a single action, and that the institution of an action for a penalty is to be regarded as a waiver of all previous penalties incurred." Griffin v. Interurban

St. Ry. Co., 179 N. Y., at page 449, 72 N. E., at page 517. The application of this rule would forbid not only the recovery of more than one penalty in a single action, but the maintenance of a second or subsequent action for penalties incurred before the institution of a prior action. So far as concerns the first action, in point of time, brought by the several plaintiffs whose appeals are comprised within the third class, they must be reduced to $62, and as so reduced affirmed, without costs in this court. It is only as to the subsequent actions that any real difficulty has been suggested. The fact that they are by the same plaintiff for penalties incurred prior to the institution of another and earlier action does not (at least, in most cases) appear in the particular record of the individual judgment, and it is strongly argued by the several plaintiffs that we may not look outside the record in any case for the purpose of reversing a judgment, although matters dehors the record may sometimes be resorted to to uphold a judgment. Of the accuracy of this statement of the rule there can be no doubt. But in each one of the second or subsequent judgments there has been a recovery for more than one penalty, and it therefore appears upon the face of the record that the judgment is erroneous, and cannot stand as it is. It must be either reversed or modified, and whether it shall be reversed or modified is a matter resting in the discretion of this court. While we should not feel at liberty to examine other records than that in the particular case under consideration, and from information thus acquired reverse a judgment which, upon its own record, was unimpeachable, yet when we are called upon to exercise a discretion as to the disposition to be made of a judgment which is clearly erroneous upon its own record we are aware of no principle which would forbid us to take judicial notice of all the records actually before us in order to guide us in the exercise of our discretion. So looking at the records, we find the facts to be apparently as hereinbefore stated respecting the appeals embraced in the third class. In our opinion, a reasonable exercise of discretion requires that in each of the appeals embraced in this class, except that from the judgments in the action first commenced, the judgment should be reversed, and a new trial granted, without costs to either party in this court.

The fourth class of cases comprises appeals from judgments, some for cumulative penalties recovered for refusals to issue transfers between the Broadway and Seventh Avenue Line and the Twenty-Third Street Crosstown Line. As to these appeals the defendant strenuously insists that they are controlled by the opinion of the Appellate Division in Topham v. Interurban Street Ry. Co., 96 App. Div. 323, 89 N. Y. Supp. 298, and must therefore be reversed. In our opinion, the Topham Case has been effectually overruled by the Court of Appeals in Griffin v. Interurban St. Ry. Co., 179 N. Y. 438, 72 N. E. 513, and O'Reilly v. Brooklyn Heights R. R. Co., 179 N. Y. 450, 72 N. E. 517. In this view it follows that of the cases embraced in the fourth class those for a single penalty must be affirmed, with costs, and those for more than a single pen-

alty must each be reduced to $62, and, as reduced, affirmed, without costs.

Orders in accordance with this opinion may be settled on two days' notice.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

