(49 Misc. Rep. 612)

GOULD v. OLYMPIC MIN. CO. (two cases).

(Supreme Court, Appellate Term.　December 27, 1905.)

1. CORPORATIONS—INSPECTION OF STOCKBOOKS—REFUSAL TO PERMIT—PENALTY.

Under Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, imposing a penalty upon each officer of a corporation who refuses to exhibit the stockbook, and also a like penalty on the corporation, an officer of a corporation is not liable as such for failure to exhibit a stockbook not in his possession.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 683.]

2. JUDGMENT—CUMULATION OF PENALTIES—PRIOR ACTION—BAR.

Under Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, imposing a penalty upon each officer of a corporation who refuses to exhibit the stockbook, and also a like penalty on the corporation, an action against a corporation is not a bar to a subsequent action under said action to recover a penalty for a refusal to allow inspection of a stockbook, made after the commencement of the prior action.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1115–1120.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Actions by Henry A. Gould against the Olympic Mining Company and others.　From judgments in favor of plaintiff in action No. 1 defendants appeal, and from judgments dismissing the complaint in action No. 2 plaintiff appeals.　Judgment in first action reversed as to defendant Harvey and affirmed as to defendant company.　Judgment in second action reversed as to defendant company and judgment in favor of defendant Harvey affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Bond & Babson, for appellant.

Brussel & Beebe, for respondent.

MacLEAN, J.　In these actions to recover the penalty provided by section 53 of the Stock Corporation Law, Laws 1892, p. 1840, c. 688, for refusal to allow inspection of the stockbook of the defendant company, a foreign corporation, there was evidence sufficient to warrant a finding that demand and refusal were made at the office of the company, but no evidence that the stockbook of the company was in such office, for the book offered for inspection by the defendant Harvey, manager of the company, from which it is claimed extracts were not permitted to be taken, was uncontradictedly not the stockbook of the company.　The defendant Harvey may not be penalized, as an officer, for failure to show what was not in his possession, and so the judgment in the first action against him may not stand.

The first two actions were instituted on June 1, 1905, for refusal to allow inspection on May 29, 1905, and for the refusal to allow inspection on June 2d, thereafter.　The second two actions were instituted against the same defendants the day following.　In these latter actions, judgments were rendered in favor of the defendants.　For the reason stated in the first two actions, the judgment in favor of the defendant Harvey may stand, but the judgment in favor of the defendant company must be reversed, and a new trial ordered, for this may not

be determined to be cumulation of penalties under the decisions in Griffin v. Interurban St. Ry. Co., 179 N. Y. 438, 72 N. E. 513, and Cox v. Paul, 175 N. Y. 328, 67 N. E. 586, for the second actions were instituted for the refusal occurring only after the commencement of the first actions, and as said by this court under similar circumstances "are not within the condemnation expressed by the Court of Appeals in the Topham and Scudder Cases." Matter of Transfer Penalty Cases, 46 Misc. Rep. 579, 580, 92 N. Y. Supp. 322.

. Judgment in the first action against the defendant ·Harvey reversed, and a new trial ordered, with costs to appellant to abide the event, and judgment against the defendant company affirmed, with costs.

Judgment in the second action in favor of the defendant company reversed, and a new trial ordered, with costs to appellant to abide the event, and judgment in favor of the defendant Harvey affirmed, with costs. All concur.