LOUIS KELLNER, Respondent, *v.* PATRICK J. SHELLEY, Appellant.

LOUIS KELLNER, Respondent, *v.* JOSEPH J. WESLEY, Appellant.

LOUIS KELLNER, Respondent, *v.* CHARLES L. EIDLITZ, Appellant.

Second Department, June 8, 1917.

Corporations — inspection of stock book of foreign corporation — officers not liable for statutory penalty when stock book is not within State.

The officers of a foreign stock corporation, not a moneyed or railroad corporation, but having an office in this State, are not liable to the penalty prescribed by section 33 of the Stock Corporation Law for a failure to permit a stockholder to inspect the stock book of the corporation, if it

appears that the stock book was not within the State at the time the demand for an inspection was made, or at any time, except for a brief period on the reorganization of the company.

APPEAL by the defendants, Patrick J. Shelley and others, in each of the above actions, from determinations and orders of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of Kings on the 29th day of December, 1916, affirming in each case the judgment of the Municipal Court of the City of New York, borough of Brooklyn, third district, in plaintiff's favor.

*Frederick Hulse* [*Cornelius J. Sullivan, Jr.,* with him on the brief], for the appellants.

*George A. Gregg,* for the respondent.

STAPLETON, J.:

The Appellate Term of the Supreme Court affirmed the judgments of the Municipal Court in favor of the plaintiff, and, leave being given, appeals are taken from the judgments of affirmance.

The Metropolitan Electric Manufacturing Company, a foreign stock corporation, and not a moneyed or a railroad corporation, is incorporated under the laws of the State of New Jersey, and has its principal office in Camden in that State. In the borough of Queens, in this city and State, it has an office and a factory. The defendant Shelley is its treasurer; the defendant Wesley is its secretary, and the defendant Eidlitz its president. The plaintiff, a stockholder, made, on separate occasions, during business hours, a demand on each of the defendants for an inspection of the stock book. The demand was made by virtue of section 33 of the Stock Corporation Law (Laws of 1909, chap. 61, constituting Consol. Laws, chap. 59), which, prior to the amendment effected by chapter 127 of the Laws of 1916, and which was a law at the time of the demand, read as follows:

" Stock books of foreign corporations. Every foreign stock corporation having an office for the transaction of business in this State, except moneyed and railroad corpora-

tions, shall keep therein a book to be known as a stock book, containing the names, alphabetically arranged, of all persons who are stockholders of the corporation, showing their places of residence, the number of shares of stock held by them respectively, the time when they respectively became the owners thereof, and the amount paid thereon. Such stock book shall be open daily, during business hours, for the inspection of its stockholders and judgment creditors, and any officer of the State authorized by law to investigate the affairs of any such corporation. If any such foreign stock corporation has in this State a transfer agent, whether such agent shall be a corporation or a natural person, such stock book may be deposited in the office of such agent and shall be open to inspection at all times during the usual hours of transacting business, to any stockholder, judgment creditor or officer of the State authorized by law to investigate the affairs of such corporation. For any refusal to allow such book to be inspected, such corporation and the officer or agent so refusing shall each forfeit the sum of two hundred and fifty dollars to be recovered by the person to whom such refusal was made."

The plaintiff sued the corporation, and recovered. That judgment is not before us for review.

The duty to keep the book is imposed on the corporation. There is neither allegation nor proof that when the demands were made upon the defendants respectively they had the custody or control of the stock book, or that one was kept in the office of the corporation within this State. The evidence is that the stock book was not within the State at the time the demands were made, or at any time except on the occasion of the reorganization of the company in 1915, when it was brought over from Camden by a Mr. Jones, the Camden representative. It was taken back by him to Camden on the same day, and since that time it has never been in New York. The plaintiff's testimony that he " knew " it was kept here because on that occasion he signed it, is not probative.

Officers of a corporation who have not the stock book in their custody or control may not be penalized for failing to allow it to be inspected. The Appellate Term in the First Department, in a case substantially similar, has made

a like determination. (See *Gould* v. *Olympic Mining Company*, 49 Misc. Rep. 612.)

The judgments of the Appellate Term and of the Municipal Court of the City of New York should be reversed, and a new trial ordered in the Municipal Court, costs to abide the event.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

In each case: Judgment of the Appellate Term and of the Municipal Court of the City of New York reversed, and a new trial ordered in the Municipal Court, costs to abide the event.