[No. 6133.]

WOLFE ET AL. v. MUELLER, EXECUTOR.

**Wills—Husband and Wife—A** devise by wife to husband of a life estate in the whole of her property is not the equivalent of one-half thereof. Under the statute (Laws 1903, page 472, sec. 12), the will does not affect the husband unless, after the death of the spouse, he consents in writing to the provision made for him.—(338)

The will should not be admitted to probate as conveying the whole estate, until the husband's written consent, given after the death, is presented. As to one moiety of the estate, the wife must be deemed intestate.—(339)

The invalidity of the will may be asserted by the heirs at law of the husband.—(339)

*Appeal from Gunnison County Court* — Hon. GEORGE HETHERINGTON, Judge.

Mr. SPRIGG SHACKELFORD, for appellants.

Mr. DEXTER T. SAPP, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The will of Virginia Grasmuck, dated April 27, 1906, which was filed for probate in the county court

of Gunnison County April 28, 1906, contains the following clause:

"1st. I bequeath and devise all of my estate of every nature whatever, which I may die seized and possessed, to my beloved husband, Louis Grasmuck, during his natural life, and the remainder, if any, after his death shall be received by my sisters, Henrietta Cooley, of Roswell, New Mexico, and Letha B. Groner, of Joplin, Missouri, and Mrs. Anna Dages, Fort Scott, Kansas, equally, share each alike."

From the petition for letters testamentary filed June 11, 1906, and other documents, it appears that the testator departed this life April 27, 1906; that she left surviving her Louis Grasmuck, her husband, who departed this life prior to the filing of the petition, and who left surviving him, as his only heirs-at-law, Nettie Brown and Essie G. Wolfe, his children, and that the testatrix died possessed of real and personal property of the value of about $4,500.00, consisting chiefly of personal property, the real estate being of the value of about $500.00. The children, the sole heirs of Louis Grasmuck, resisted the probate of the will in so far as one-half of the estate left by Virginia Grasmuck was concerned, upon the ground that said Louis Grasmuck, being the husband of the testatrix, had not, after the death of his said wife, consented in writing to the provisions of the will. Upon the hearing, the court admitted the will to probate, and found, among other things, "that no consent was given in writing by the said Louis Grasmuck, deceased, accepting the provisions of said will; and further, that said Louis Grasmuck departed this life before any order was entered by this court fixing the date for the probate of said will and the issuance of citations thereon, and that no legal notice was ever given to said Louis Gras-

muck of the filing of said will for probate." It was also shown that, after the death of Louis, the husband of one of the protestants received money from the executor of Virginia's will, which was used in defraying Louis' traveling expenses. One of the witnesses testified that she had read over the will to Louis, and that he understood it.

The statute which must control our decision is as follows:

"Every person aged twenty-one years, if a male, or eighteen years, if a female, being of sound mind and memory, shall have the power to devise all the estate, right, title and interest in possession, reversion or remainder which he or she hath or at the time of his or her death shall have of, in and to any lands, tenements, hereditaments, annuities or rents charged upon or issuing out of all goods, chattels, and personal estate of every description whatever, by will or testament. All persons of the age of seventeen years, and of sound mind and memory, shall have the power to dispose of their personal estate by will or testament, *provided*, that no married man or woman shall by will devise or bequeath away one from the other more than one-half of his or her property without the consent in writing of such other, executed after the death of the testator or testatrix, but it shall be optional with such wife or husband, after the death of the other, to accept the condition of any such will, or one-half of the whole estate, both real and personal."

It is contended on behalf of the proponents of the will:

(1) That the will does not convey away from the husband more than one-half of the property of which the testatrix died seized.

(2) That the right to accept or renounce the

provisions of the will was a personal right of Louis Grasmuck, and did not descend to his heirs.

We shall not consider what right the legatee has over property bequeathed to him for his life. The bequest was less, in our opinion, than one-half of the testator's estate. The conveyance of the whole of an estate for life is not the equivalent of a conveyance of one-half of the whole in fee. The conveyance for life contemplates the use only of the property conveyed, so that this bequest to the husband of the life estate in property consisting mainly of personal estate, was a bequest of the income to be realized from the personal estate.

.But, even if we were to grant, as contended by respondents, that the legatee was under no moral obligation to keep the property intact for the remainder of his life, the estate conveyed is less than one-half of the estate of which the testatrix died seized, because the estate of the testatrix is bequeathed away from her husband, a life estate merely being carved out of it for his benefit.

The legislature contemplated, by the use of the words found in the statute, that neither spouse should convey away from the other by will more than one-half of the largest estate of which the testator died seized, and intended, we think, that the surviving spouse should receive one-half of all of the other's property, holding it with the same right of disposition as that possessed by the deceased spouse, and that neither could deprive the other of the right to dispose of it by will.

2. The statute under consideration is that which gives the right to transmit property by will. Unless the legislature grants the privilege, no one may so dispose of property, and when the legislature declares that a married woman may not convey

away more than one-half of her property from her husband without his consent in writing, after her death a will of a married woman should not be admitted to probate as conveying the entire estate until the written consent of such husband, after her death, is given.

Under the terms of the statute, each spouse has the option to take the property given by a will or one-half of the estate, and unless the written consent is given, he must be deemed to have elected to take the portion under the statute. In this case, no notice was given of the filing of the will, and the surviving husband never had the opportunity of electing. The mere fact that the husband was, by reason of his physical infirmities, unable to write his name, should not prevent the court, by a proper procedure, from allowing the will to be probated, if the husband desired to accept its provisions; but here no such conditions arose. The husband died before the time fixed for the probating of the will. It is said that, because the husband of one of the children of Louis Grasmuck received money from the executor, that this should be regarded as an acceptance of the provisions of the will; but this act, even if it be conceded that it was under the direction of Louis, cannot be so regarded. He was entitled to receive money from the executor, and nothing appears showing in what capacity he received and used that money.

Our judgment is, that, as the will of Virginia Grasmuck, deceased, conveyed away from her husband more than one-half of her estate, and as the husband did not in writing consent to the provisions of the will, that the said Virginia Grasmuck died intestate as to one-half of her estate; and that the devises and legacies mentioned in her will must abate to the extent of one-half, and that the children of said

Louis Grasmuck are entitled to one-half of the estate of Virginia Grasmuck, deceased.

For the reasons given, the judgment is reversed.

*Reversed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.