[No. 7994]

## HODGKINS ET AL. V. ASHBY, ADMINISTRATRIX, ET AL.

1. STATUTES—*Construction—Substantive Provisions Conflicting With Those Regulating Procedure,* prevail, even though first in place or time?

A conflict between different statutes, or different sections of the same statute cannot be raised by implication.

2. ——*Construed*—Rev. Stat., sec. 7095 applies only to objections which appear on the face of the will.

3. WILLS—*Husband and Wife—Right of Election*—Under Rev. Stat., sec. 7070 the widow is clothed with the absolute right to one-half part of the estate of the husband at his death, unless she consents in writing to a different provision made by his will.

And there is no limit of time within which she is required to manifest this consent.

4. ——*Probate—Effect*—And the widow's consent to the probate of the husband's will, implied from her failure to object thereto, in no manner impairs her right under the statute.

5. ——*Jurisdiction of the Court of Probate*—When there is presented for probate the will of husband or wife assuming to deprive the surviving spouse of his or her moiety of the estate, and the consent of the surviving spouse has not been given in writing, the county court is without jurisdiction to admit the will to probate, save subject to the right of election of such survivor; and this, no matter what may be the cause or occasion of the absence of such consent.

Where the survivor's consent is not given, he or she is deemed to elect to take under the statute.

6. ——*Impediments to Election*—Where the will of the husband, after specific legacies to others, makes the wife residuary legatee she is not in position to elect whether to take under the statute, or under the will, until in the orderly administration of the estate, all properties pertaining thereto have been discovered, inventoried, and appraised, and all legal claims against it adjusted.

7. ——*Implied Election*—In order to constitute an election implied from the conduct of the party, it must appear (1) that the person sought to be charged with such election was aware of the nature and extent of his or her right, and (2) that with such knowledge he or she intended to elect.

An election by the widow is not implied from her acceptance of an allowance, to which she is entitled both under the statute and under the will; nor from her exhibition of a bill for the construction of the will, which is of uncertain terms, expressly reserving her right to elect, and

this even though it should be conceded, that, not claiming under the will, she was not entitled to ask its construction.

*Error to El Paso District Court.*—Hon. W. S. MORRIS, Judge.

Messrs. CHINN & STRICKLER, for plaintiffs in error.

Messrs. SPURGEON & CASSIDY, and Mr. N. WALTER DIXON, for defendants in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

John H. Bacon left a will by which, after giving certain specific legacies, unconditionally, to the plaintiffs in error, he devised and bequeathed his entire estate unconditionally to his wife, Mary A. Bacon. The will was thus open to construction. If the specific legacies were void, Mrs. Bacon would take the entire estate; if valid she would take as residuary legatee, in which event, in case consent to the will was given, she would receive less than half the estate. She and her son, William H. Bacon, were nominated executors by the will. Mrs. Bacon was duly cited to the hearing upon the petition for probate of the will, but did not appear, filing neither consent nor objection. She also refused to qualify as executrix, the son alone qualifying.

After an inventory of the estate had been made, filed, and the extent and value of the property therein specified ascertained, Mrs. Bacon joined with the executor son in a petition to the county court for a judicial construction of the will, in which petition she stated in effect that she could not intelligently make her election because of the uncertainty as to the true meaning of the will, and therein specifically reserved her right of election. The parties in interest were duly cited and appeared, and upon final hearing the court adjudged that the specific

legacies were valid, and that Mrs. Bacon would take as residuary legatee only. From that judgment an appeal was taken by Mrs. Bacon and the executor, to the district court, where on final hearing a like decree was entered. They then brought the judgment of the district court, and the proceedings in which it was rendered, to this court for final review, where the judgment of the court below was affirmed. *Bacon v. Nichols,* 47 Colo. 31. While the cause was pending in this court and undetermined Mrs. Bacon died intestate, without ever having given her consent in writing to the terms of the will.

The defendants in error, Florence B. Ashby, administratrix of the estate of Mrs. Bacon, and William H. Bacon, her sole heir at law, began these proceedings in the county court, in the matter of the estate of John H. Bacon, to establish the right of the estate of Mary A. Bacon to one-half of that estate, on the ground that Mrs. Bacon having died without having given consent to the will, must be deemed in law to have taken under the statute. The county court upheld this contention. On appeal to the district court a like conclusion was reached and judgment entered accordingly. From that court the proceedings and judgment therein were brought to this court by writ of error for final review, by those to whom specific legacies, under the will of John H. Bacon, had been left.

The first contention of plaintiffs in error is that Mrs. Bacon knew when the will was offered for probate that her husband had thereby attempted to convey away from her more than one-half of his estate, and since she, being duly cited, suffered the will to go to probate without objection, could not afterwards be heard to claim under the statute.

Section 7070, R. S. 1908, which gives the power to devise and bequeath property, contains this proviso:

"Provided, That no married man or woman shall by will devise or bequeath away, one from the other, more than one-half of his or her property, without the consent in writing of such other, executed after death of the testator or testatrix, but it shall be optional with such wife or husband, after the death of the other, to accept the condition of any such will or one-half of the whole estate, both real and personal."

Under this section a wife is clothed with the absolute right to one-half of her husband's estate at his death. She may, however, accept the provisions made for her in the will, and waive her right under the statute. If she desires to take under the will she must give her consent in writing, but there was then no time limit in which she was required to so indicate.

Section 7095, R. S. 1908, provides, in effect, that on or before the day set for hearing the probate of a will, any person desiring to contest such will, or object to the validity or legality of all, or to any portion of it, shall file in the county court a caveat or objections in writing, which objections shall be divided into two classes: First, those which raise the issues of will or no will, a question to be tried by a jury unless waived; second, all objections to the legality of the contents of such will, which then existed and could then be raised and determined in any other action, questions to be heard and determined by the court as matter of law.

It is upon the latter section that the contention of plaintiffs in error rests, that is to say, although section 7070, *supra,* positively declares that the will of the husband shall not operate to deprive his wife of her legal share of his estate at his death, unless she gives her written consent to such will, it is urged that under section 7095 such will will be operative as to the entire estate, unless the wife files her written objection on or before the

day set for the hearing of the probate. The logic of the reasoning by which this conclusion is reached is not apparent. If there were any conflict between the two sections of the statute the first would govern, because it is a section of substantive law, giving an affirmative right to the widow to have one-half of her husband's estate, while the latter relates merely to practice and procedure. But it cannot be conceded that there is any conflict between them, for the meaning of the first section is absolutely plain, whereas the contention as to the latter rests only upon implication, and it is a settled rule that a conflict between two statutes, or between sections of the same statute, cannot be raised by implication.

Counsel for plaintiff in error rely on *Wolfe v. Mueller,* 46 Colo. 335, 104 Pac. 487, and quote, *inter alia,* the following:

"A will of a married woman should not be admitted to probate as conveying the entire estate until the written consent of such husband, after her death, is given."

In this connection the contention as stated is: "It necessarily follows that this question (that is, the question of the will being admitted to probate in its entirety) must be raised at the time the petition for the admission of the will to probate is heard," and that "The law required Mary A. Bacon to raise the question of the legality of so much of John H. Bacon's will as attempted to convey away from her more than one-half of his estate, at or before the hearing of the petition for the probate of the will." That there was no question of legality to be raised is a complete answer to these suggestions. If the will conveyed away from Mrs. Bacon more than one-half of the estate, whether it should be operative as to the whole was not a question of legality, but a question of choice on her part. So that the real contention is that it was encumbent upon Mrs. Bacon to elect whether to take

under the will or statute before or at the time the will was admitted to probate. This conclusion not only does not necessarily follow from the decision, but, as we view the matter, is directly in conflict with it, for in the passage quoted the court does not define the obligations or duties resting upon a surviving wife or husband, but merely the power and duties of the court of probate. This is made clear by the sentence in the opinion which follows the passage quoted above, which is: "Under the terms of the statute, each spouse has the option to take the property given by will or half of the estate, and unless the written consent is given, he must be deemed to have elected to take the portion under the statute." The doctrine thus laid down is that a court of probate has no power to admit a will of a husband or wife to probate as conveying the whole estate, unless the written consent of the surviving wife or husband has been given, because in the absence of such written consent such will is by the very terms of the statute inoperative as to the survivor's share of the estate. What does necessarily follow is that when the application for the probate of a will of a husband or a wife comes on to be heard, and the consent in writing of the surviving wife or husband has not been given, the court of probate has no jurisdiction to admit such will to probate as conveying the whole estate, but must admit it subject to the survivor's right of election. Whether the lack of the written consent is due to the death of the surviving wife or husband before the will is admitted to probate, as was the case in *Wolfe v. Mueller, supra,* or to her or his refusal to give the same, as in the case at bar, is wholly immaterial. The written consent being a statutory requirement, it is its absence, and not the cause or reason of its absence, which qualifies and restricts the jurisdiction of the court. The question is strictly a jurisdictional one. If it were true that Mrs. Bacon was bound to make her election before the will was

admitted to probate, that would not affect the result in the present case, for if she was so bound, since her consent in writing was not given, the law deems that she elected to take under the statute. This was expressly held in *Wolfe v. Mueller, supra.*

Moreover, independently of section 7095, *supra,* it cannot be fairly claimed that the widow was required to so elect, for the general doctrine is thus declared:

"In the absence of any statute fixing the time in which she shall make her election, the widow may make the same at any time, and lapse of time will not affect her right to take under the law."

See *Piercy v. Piercy,* 19 Ind. 467; *Leach v. Prebster,* 39 Ind. 492; *Wilson v. Moore,* 86 Ind. 244; *Egger v. Egger,* 225 Mo. 116, 123 S. W. 928, 135 Am. St. Rep. 566; 1 Pomeroy, Equity Jurisprudence, § 513.

In *Egger v. Egger, supra,* the court said:

"When the law gives a widow absolutely a certain share in her husband's estate at his death, he cannot deprive her of it by will, and if in such case the law does not say that she must make within a certain time a formal renouncement of the will, she need not do so, but may simply ignore it and claim what the law gives her."

It will be observed that section 7095 does not provide that if parties in interest fail to interpose any objection which then exists they will be barred from raising such objection afterward, nor can there by any implication to that effect in the light of section 7096 following, which makes the record of probate conclusive as to the execution of the will, but expressly provides that it shall be conclusive of the legality of its contents only "in so far as the same were determined at probate."

It is contended that the record of probate is conclusive not only of such objections as were determined, but

of all which might and should have been determined, numerous authorities being cited in support of this general proposition. The principle announced, when applicable, is correct, but it is idle to discuss or consider the common law relating to what questions are concluded by such judgment in view of our express statute upon this subject, which declares that an order admitting a will to probate shall be conclusive as to the validity of the contents of the will only in so far as determined at probate.

Where the will of a husband ignores the wife, or conveys to her a fractional part less than one-half of the estate, then she may, if she desires, file an objection, but she is not required to do so in order to claim under the statute. Such was the case in *Wolfe v. Mueller, supra*, that is, it there appeared on the face of the will that the wife had conveyed away from her husband more than one-half of the estate. But where, as here, the wife is made residuary legatee after the payment of certain legacies, it does not appear on the face of the will that more than one-half of the estate has been conveyed away from her, nor can she be advised definitely that such is the fact until, in the orderly administration of the estate, all of the property belonging thereto has been discovered, inventoried and appraised, and all legal claims against it adjusted. She was for this reason in no position to elect when the will came on for probate. *Stone v. Vandermark*, 146 Ill. 312, 34 N. E. 150. Section 7095 is a general law manifestly intended to apply only to such objections as appear on the face of the will. We conclude, therefore, that under it these two propositions are plain: First, when the will of a husband, which does not on its face purport to convey away from his wife more than one-half of his estate, comes on for probate, and the wife has not given her written consent thereto, the will must be admitted subject to her right of election, or as con-

veying only one-half of the estate, and cannot be admitted in any other way, and that an order admitting it must be so interpreted, just as if the law were written into it; and second, if after such will is admitted to probate the wife dies without ever having given her consent to it, her heirs take one-half the estate.

The second contention made on behalf of plaintiffs in error is that Mrs. Bacon was in her lifetime concluded by implied election established by matters *in pais*. Upon the question of implied elections, without exception the authorities agree that "in order that an act may amount to an election two things are essential: 1. It must be clear that the person alleged to have elected was aware of the nature and extent of his rights. 2. It must be shown that having that knowledge he intended to elect." 11 Am. & Eng. Ency. Law, 2nd Ed. 47; 40 Cyc. p. 1977. The facts relied upon to show an election by Mrs. Bacon are: First, that she accepted her widow's allowance. That fact has no significance one way or the other, for she was entitled to such allowance whether she intended to claim under the statute or under the will. R. S. 1908, §§ 7223-7225; Croswell on Executors and Administrators, § 379. Second, that she joined with the executor in a proceeding to obtain a judicial construction of the will. While it is true that she did so, in the petition filed for that purpose she expressly reserved her right of election, and in substance declared that the sole purpose of the proceeding was to have the true meaning of the will ascertained so as to enable her to make an intelligent choice. The argument is that since, as it is claimed, no one except a beneficiary claiming under the will can ask for its construction, Mrs. Bacon, by joining in the proceeding for that purpose, made her election to claim under her husband's will, and that the clause in the petition by which she reserved her right to elect must be disregarded. Such conclusion is both inequitable and unsound. It

seems but fair to assume that Mrs. Bacon had a right to be fully advised as to the nature and extent of her rights under the will before being compelled to elect. If under the will she would take the entire estate after payment of debts, she would of course elect to take under the will; but if under it she would take as a residuary legatee, and the amount was less than one-half the estate, she would naturally elect to take under the statute, and it is a set-tled doctrine that "one is never bound to make an elec-tion until fully informed of all the circumstances neces-sary to a judicious and discriminating choice." 1 Lead-ing Cases in Equity, 320; *Reaves v. Garrett,* 34 Ala. 558; *Stone v. Vandermark, supra.* The question of the con-struction of the will was a substantial one, upon which not only learned counsel differed, but the members of this court divided, separate opinions being written in sup-port of contrary views. *Bacon v. Nichols, supra.* With this question unsettled, which might mean that she would take the whole or only one-half of her husband's estate, it would be utterly unfair and unjust to hold that Mrs. Bacon must forthwith elect. She pursued a natural course and asked for a judicial construction of the will. In that proceeding she did not claim under the will or against it. She proceeded on the theory that, under the settled principles of equity, she was entitled to be fully informed before making her election, not only as to the real condition and value of the properties, but also as to the real nature and extent of her rights, and that equity was bound to furnish her a remedy by removing any ob-stacle to a fair exercise of the right. That could only be done by a construction of the will. Speaking to this question, Pomeroy, Equity Jurisprudence, 1st Ed., § 512, says:

"Subject to the above-stated limitations, it is a well-settled rule of equity that a person bound to elect has a right to become fully informed of and to know all the

facts affecting his choice, and upon which a fair and proper exercise of the power of election can depend. To this end he has a right to inquire into and ascertain all the circumstances connected with the two properties,—that is, his own and the one conferred upon him, and especially their relative condition and value; and he will not be compelled to elect until he has made, or at least has had an opportunity to make, such an examination as enables him to learn the truth."

And according to the above authority this rule prevails in every jurisdiction except where a statute requires the widow to elect within a certain prescribed time, which, as previously pointed out, was not at that time the case here.

Suppose, for the purpose of argument, that Mrs. Bacon had no right to ask for a construction of the will unless she intended to claim under it, as is contended, nevertheless she believed she had such a right and in good faith acted upon it. In her petition she notified the court that she had not elected and did not intend to do so until she fully understood the meaning of the will, and asked for a construction of that document for the express purpose of aiding her in an intelligent exercise of her legal right in that respect. That was the cause of action upon which she specifically and especially invoked the jurisdiction of the court. If the court was without jurisdiction to proceed upon the ground that she was not claiming under the will, her adversaries there, who are the plaintiffs in error here, should have objected, or the court upon its own motion should have declined to entertain the petition. Nothing of the sort was done, and it must be presumed that the court, as well as her adversaries, acquiesced in the correctness and propriety of her attitude, and whether such attitude was right or wrong is wholly immaterial. To hold otherwise would be to

convert the court into an instrument of fraud and imposition. The like contention is made that Mrs. Bacon, by bringing those proceedings for a construction of the will to this court for review, elected to take under the will, which is completely answered by the fact that being justified in seeking a construction of the will in the first instance, unquestionably she had a right to ask a review of the judgment in those proceedings under section 7254, R. S. 1909, which gives such remedy. On error this court assumed jurisdiction, when the petition of the widow showed that she sought a construction of the will for the sole purpose of aiding her in her election, and now to hold that, by submitting to that jurisdiction for that single purpose, she has surrendered and forfeited her rights of election is a doctrine so repugnant to fair dealing that we cannot subscribe to it.

As has been shown, one of the absolute essentials of an implied election is the intention to elect. To contend that a proceeding brought by a widow to procure the construction of her husband's will to aid her in making her election, and in which she expressly reserves her right of election, shows an intention to claim under the will, is a manifest absurdity. This does not appear to be a good faith attempt to establish the doctrine of implied election, but rather an effort to establish an arbitrary rule wholly at variance with the doctrine, to the effect that if a widow asks the court to construe her husband's will to aid her in making her election, *ipso facto* she forfeits her right to elect and must take under the will. The statement of the proposition is its own refutation. It is needless to say that no authority has or can be cited to support it. Neither is there any general proposition of law or equity which gives it color. The doctrine of implied elections rests upon equitable considerations, and equity will certainly not, under the guise of an implied election, work a technical forfeiture.

The requirement of section 7070, that the consent of the surviving wife or husband shall be in writing, if not intended to exclude entirely implied elections, was at least intended to prevent the survivor from compromising his or her rights by oral declarations, or by matters *in pais* which are of no higher quality or dignity than oral declarations.  For instance, a widow may declare verbally as often as she pleases that she consents to her husband's will, but she will not be bound thereby unless she in fact accepts the provisions thereby made for her.  She may perform acts which indicate a purpose or intention to accept the provisions thereof, but she will not be estopped unless she accept such provision in fact.  In other words, an intention on the part of a widow to accept the provisions of her husband's will does not bind her unless she either executes the formal consent in writing, required by the statute, or carries out such intention by actually accepting provisions made for her, and by dealing with the estate in such a way that she cannot thereafter change her mind and claim under the statute without affecting subsequently acquired rights.  In this case Mrs. Bacon never accepted any portion of her husband's estate under the will, nor did she in any manner or in any respect intermeddle with the estate.  To the day of her death she waited for a construction of the will that she might intelligently elect whether to take under it or the statute.  No change in the situation of any party in interest has been occasioned, or rights affected, by the conduct of Mrs. Bacon.  She made no election as to whether she would take under the will or under the statute.  She has said nothing, has done nothing, in this connection.  She remained passive and silent upon this question up to the time of her death, as she had a right to do.  She did not in her lifetime in any way indicate that she purposed to avail herself of the privileges which the will of her husband gave her.  The foregoing facts clearly

distinguish this case from the *Appeal of Coe*, 64 Conn. 352, upon which plaintiffs in error rely to establish, as matter of law, that by her conduct Mrs. Bacon elected to take under the will. In the Connecticut case the husband, who by statute was entitled to a life interest in the entire personal estate of his deceased wife, qualified as executor under her will, by which legacies to the amount of $5,000.00 were left to others, without reference to the life interest which the husband had in the wife's personal estate. As such executor he voluntarily paid the legacies out of the estate, not being compelled in law to do so. He then claimed the right to be allowed his life estate in the sum so paid out, and sought an order of court to sell other property of the estate to reimburse himself. At the same time he indorsed on his report and application the following: "The executor, while claiming under the will the right to what the will gives him, except as to the watch and jewelry, claims also his legal life estate in the $5,000.00 used to pay legacies, and insists on his right to be reimbursed for his life interest in the same, and to sell the remainder in sufficient property to pay the same." The court disallowed this claim, and on review the supreme court of errors affirmed the judgment on the ground that the husband had elected to take under the will, having distinctly so stated, and further because he paid the legacies as the will directed, being under no legal obligation to do so, unless he saw fit to be directed by the will. The effect of the holding being that he could not take, as he sought to do, under both the will and the statute, and that by voluntarily paying the legacies he accepted the terms of the will.

Manifestly, under the facts of this case, Mrs. Bacon can in no sense be fairly said to have lost her right to claim under the statute, for she never accepted in writing the terms of the will, nor did she by her conduct waive her right to elect. It must therefore be held, on authority

of *Wolfe v. Mueller, supra,* that her estate is entitled to one-half of the estate of the husband, and that the latter must be distributed accordingly.

The judgment of the trial court, being in accordance with these views, is correct and is affirmed.

*Judgment affirmed.*

Mr. Justice Gabbert and Mr. Justice White concur.