ALLETTA A. AKIN, Appellant, *v.* SARAH A. KELLOGG et al., Respondents.

B., by his will, gave to his widow, in lieu of dower, one-third of his personalty absolutely, and the net income for life of one-third of his real estate, which was vested in a trustee for that purpose. About three years after B. died, the widow brought an action in which she asked that she might be permitted to make her election, renounce the testamentary provision and have her dower assigned, on the ground that she was ignorant of the extent of her husband's estate until the executor filed his accounts, and was induced to omit to take the steps necessary to claim dower by representations of the executor made in the presence of S., the principal beneficiary under the will, and by S. as to the value of her dower right. *Held,* that plaintiff was not entitled to the relief sought.

The provision of the statute (1 R. S. 741, §§ 13, 14) requiring a widow to elect within one year between a provision made for her in her husband's will and the right to have her dower in his real estate admeasured, and declaring that she shall be deemed to have elected to take the testamentary provision, unless within that time she shall enter upon the lands to be assigned to her for dower, or commence proceedings for the assignment thereof, has the force of a statute of limitations, and she is at once, on the death of the testator, charged with the duty of informing herself, so as to make her election.

It appeared that the lands in which plaintiff claimed dower, had been conveyed by the testator to S. for a nominal consideration four years before his death, much of which time he had lived upon them with plaintiff; that five days after his death the deed was recorded. Plaintiff's evidence was to the effect that S. said to plaintiff, the day after the funeral that she "would receive much more than if she had received her dower," and shortly afterward that there would be "money enough for us all," and that the executor stated in the presence of S. that plaintiff would receive $1,200 to $1,300 per annum. *Held,* that these had not the weight of representations of facts upon which an estoppel could be based; but were mere expressions of opinion, and so could not exempt plaintiff from the duty of examining herself into the condition of affairs.

Expressions of opinions by interested persons cannot, when subsequently shown to have been groundless or false, be regarded as misrepresentations.

Reported below, 48 Hun, 459.

(Argued January 29, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made at the May term, 1888, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at circuit.

The nature of the action and the material facts are stated in the opinion.

*Matthew Hale* and *Ward & Cameron* for appellant. The general rule applicable to cases where a party is compelled to make election, is: If one should make a choice in ignorance of the real state of the funds, or under a misconception of the extent of the claims on the fund elected by him, it will not be conclusive on him. (*Wells* v. *Robinson,* 13 Cal. 133, 142; Kerr on Fraud and Mistake, 453; *Pusey* v. *Desbouveir,* 3 P. Wms. 315.) This rule is applicable to dower. (*Hindley* v. *Hindley,* 29 Hun, 318; *Larabee* v. *Van Alstyne,* 1 Johns. 307, 308; *Macknett* v. *Macknett,* 29 N. J. Eq. 54; 2 Scribner on Dower [2d ed.] 519, 523; Cameron on Dower, 489, § 94; Id. 490, § 97; *Richart* v. *Richart,* 30 Ia. 465; *Dabney* v. *Bailey,* 42 Ga. 521.) A case still stronger arises in favor of the plaintiff where fraud and deceit are alleged. (*Smart* v. *Waterhouse,* 10 Yerg. 94; Story on Agency, § 139; *Bennett*

v. *Judson*, 21 N. Y. 238; *I. P. & C. R. Co.* v. *Tying*, 63 id. 653; *Krumm* v. *Beach*, 96 id. 398.) The demurrer to the amended complaint was sustained at Special Term on the theory that under no possible circumstances can a widow, who has omitted to make her election within one year after the death of her husband, be relieved from the provisions of the statutes. (1 R. S. 741, 742, §§ 13, 14; *Hindley* v. *Hindley*, 29 Hun, 318; *Hone* v. *Van Schaick*, 7 Paige, 221; *Howland* v. *Heckscher*, 3 Sandf. Ch. 519; 20 Wend. 564; 3 Sandf. Ch. 523; *Manice* v. *Manice*, 1 Lans. 348; 43 N. Y. 303; *Egbert* v. *Thompson*, 17 N. J. L. 450.; *Osman* v. *Porter*, 39 N. J. Eq. 141, 142, 144; 41 id. 663.) The Special Term erred in sustaining the demurrer. (16 Abb. [N. C.] 268; *Thomas* v. *Beebe*, 25 N. Y. 244; *Maher* v. *Ins. Co.*, 67 id. 284, 292; *Bank of Montreal* v. *Thayer*, 2 McCrary, 1; *Stevens* v. *Austin*, 1 Metc. 557; *Stevenson* v. *Maxwell*, 2 N. Y. 408–415; *Bruce* v. *Tillson*, 25 id. 194; *Mills* v. *Van Voorhees*, 20 id. 412–422; *McClaskey* v. *City of Albany*, 64 Barb. 310; Code Civ. Pro. § 723; *Bennett* v. *Judson*, 21 N. Y. 237, 239, 240.) The receipt and retention by the wife of the fruits and product of a fraud of her husband involve a liability on account of it, although herself innocent of participation in it. (*Krumm* v. *Beach*, 96 N. Y. 398, 404, 405; *Baker* v. *U. M. L. Ins. Co.*, 43 id. 208; *Garner* v. *Mangam*, 93 id. 642; *Noel* v. *Kinney*, 106 id. 74, 78.) If the election was made in ignorance of the real state of the facts, or under a misconception of her rights, it is not binding in equity. (*Wells* v. *Robinson*, 13 Cal. 133, 142; Kerr on Fraud and Mistake, 398, 453; *Pusey* v. *Desbouvrie*, 3 P. Wms. 315; *Hindley* v. *Hindley*, 29 Hun, 318; *Osman* v. *Porter*, 39 N. J. Eq. 141; 41 id. 663; *Thompson* v. *Egbert*, 17 N. J. L. 459.) The court erred in excluding material and competent evidence offered by the plaintiff. (*Bayliss* v. *Cockroft*, 81 N. Y. 363, 371; *McKown* v. *Hunter*, 30 id. 625; *Bedell* v. *Clease*, 34 id. 386; *D. Co. Ins. Co.* v. *Hatchfield*, 73 id. 226, 229.) The fact that the premises in question were subject to a perpetual yearly rent, did not show that they were not subject to dower. (1 R. S. 722, § 2; Id.

740, § 1.) The grounds upon which the General Term sustained the judgment of nonsuit, are insufficient. (*Hickey* v. *Morell*, 102 N. Y. 454, 463; 1 R. S. 761, § 33; *Stuyvesant* v. *Hall*, 2 Barb. Ch. 151; *Ackerman* v. *Hunsicker*, 85 N. Y. 43, 49; *King* v. *McVicker*, 3 Sandf. Ch. 192, 209; *H. Ins. Co.* v. *Halsey*, 8 N. Y. 271; *George* v. *Wood*, 9 Allen, 80.) The action was triable by jury. (Code, § 968, subd. 2; *Train* v. *H. P. Ins. Co.*, 62 N. Y. 598; *Trustees, etc.,* v. *Kirk*, 68 id. 464; *Ormes* v. *Dauchy*, 82 id. 443, 448, 449; *Moore* v. *M. Bank*, 55 id. 41, 44; *Birdsall* v. *Patterson*, 51 id. 43; Code, §§ 1010, 1023.)

*L. Laflin Kellogg* for respondents. A representation to be material should be in respect of an existing and ascertainable fact, as distinguished from a mere matter of opinion or advice, and must be false and one that the party knew at the time to be false. Such are representations about property or facts that could not be ascertained. (*Cooper* v. *Schlesinger*, 111 U. S. 148; *Hubbell* v. *Meiggs*, 50 N. Y. 480; Kerr on Frauds, 83; *Harvey* v. *Young*, Yelv. 20; *N. B. R. Co.* v. *Conybeare*, 9 H. L. 711; *Colby* v. *Gadsden*, 34 Beav. 416; *Jennings* v. *Broughton*, 5 D., M. & G. 136; *Stephens* v. *Venable*, 31 Beav. 124; *Irvine* v. *Kirkpatrick*, 7 Bell, 186; *Palsey* v. *Freeman*, 2 Smith L. C. 1337; *Ellis* v. *Andrews*, 56 N. Y. 83; *Chrysler* v. *Canaday*, 90 id. 272; *Furmann* v. *Titus*, 16 J. & S. 284.) If the statement as made upon the trial can in manner be construed as sufficient as a statement of fact, it cannot be made so in any other way than by showing that it was known by the maker to be a false statement. (*Marsh* v. *Faulkner*, 40 N. Y. 562; *Oberlander* v. *Spies*, 45 id. 175; *Craig* v. *Ward*, 3 Keyes, 393; Best on Ev. 302, 349; Lawson on Presumptions, 93; Kerr on Fraud, 384; *Baird* v. *Mayor, etc.*, 96 N. Y. 592; Bigelow on Frauds, § 142.) In the case of a special agency it is elementary that if the special agent exceeds the special limited authority conferred upon him the principal is not bound by his acts, but they become a mere nullity as far as he is concerned. (Story on Agency, § 126;

*Ritch* v. *Smith*, 82 N. Y. 627.) The fact that the estate afterward became insolvent and the plaintiff received little or nothing out of it cannot relieve her from her failure to elect. (*Manice* v. *Manice*, 1 Lans. 348; *Hone* v. *Van Schaick*, 7 Paige, 222; Scribner on Dower, 432, 525.) The widow has lost her dower, because she has failed to take any action, as provided by law, within one year of the death of the testator, and the court has no power to extend the time for election upon the grounds asked for in the complaint. (2 R. S. 742, §§ 13, 14; Redf. on Wills, 383; *Palmer* v. *Voorhis*, 35 Barb. 479; *Nicholas* v. *Nicholas*, Ky. Dec. 338; *Waterbury* v. *Netherland*, 6 Heisk. 512; *McDaniel* v. *Douglas*, 6 Hump. 229; *Ex parte Moore*, 7 How. [Miss.] 665; *Thophy* v. *Abbott*, 42 N. Y. 443; *Crawford* v. *Lockwood*, 9 How. Pr. 547; *Knebble* v. *Newcomb*, 22 N. Y. 249; *Hodgdon* v. *Chase*, 29 Me. 51.) The plaintiff is not entitled to dower in the property described in the complaint, for the reason that it is not an estate of inheritance. (1 Steven's Comm. 218; Littleton, § 1; Cook's Littleton, 2370; 1 Washb. on Real Prop. 194; 1 Scribner on Dower, 363; *Volkner* v. *Hudson*, 1 Sandf. 215; N. Y. Const. 1846, 1876; *Stevens* v. *Reynolds*, 6 N. Y. 455; *Stangler* v. *Stangler*, 1 Md. Ch. 36; *Goodwin* v. *Goodwin*, 33 Conn. 314; Park on Dower, 47; *Ware* v. *Washington*, 6 S. & M. 637.)

GRAY, J. The complainant is the widow of Benjamin Aiken, deceased, who, in his will, made certain provisions for her out of his estate, which were expressed to be in lieu of her dower rights. They gave to her one-third of the personalty absolutely, and the net income of one-third of the real estate, which was vested in a trustee for that purpose, during her life. She did not commence any proceedings, or take any steps towards a recovery or assignment of her dower in the real estate, within the year succeeding the testator's death, and this action was commenced by her some three years afterwards. Through it she seeks to obtain a decree relieving her "from the penalty imposed by statute for not having, within one year after the

death of her husband, entered on the land to be assigned to her for her dower, or commenced proceedings for the recovery or assignment thereof," and permitting her to make her election and to renounce the testamentary provision.

The allegations in the complaint are that plaintiff was ignorant of the nature and extent of the estate of said Benjamin Aiken at the time of his death, and for a long time thereafter, and until his executor filed his accounts and asked for a final settlement; that Asa B. Kellogg, the husband of the defendant Sarah A. Kellogg, had been, for many years prior to the death of the said Benjamin Aiken, the agent and confidential adviser of said Benjamin Aiken, and had transacted all his business for him, and had been familiar with the affairs and property of the said Benjamin Aiken; that after the death of the said Benjamin Aiken this plaintiff had great confidence in said Asa B. Kellogg, and put entire faith in his representations; that the said Asa B. Kellogg was also the agent of his wife; that shortly after the death of the said Benjamin Aiken he stated and represented to plaintiff that it would be more advantageous to her to accept the provisions of the will than to claim her dower in the real estate left by him, and that such representations were made to plaintiff in the presence of his wife, acting as her agent and for her benefit. She avers that the statements were made for the benefit of Mrs. Kellogg, the owner of the lands out of which the dower is sought, and that by them she was induced to omit and neglect to take steps towards a renunciation of the testamentary provisions and towards securing her dower interest in the real estate, which she would have taken had she not relied upon them, or had she been informed of the actual condition of the estate.

I think, even if we assume the truth of these charges of her complaint, that her right to relief in equity is most doubtful. She does not ask for relief against some positive act of her commission, procured by the fraud of another; she asks for it because, through reliance upon the statements of others, she remained inactive, and thus suffered the period of time to

expire, within which she should have been diligent to ascertain and to secure her rights.

Now equity does not interfere to grant relief, when one has failed in diligence, or in the performance of an obvious and imperative duty imposed by law. It does not rise above the common law and the statute. Its office is not to relieve against a hardship, merely as such; nor should its interference be moved by mere opinion in the judge. I do not think the equitable powers of a court can be properly invoked to interfere with the established rules of law; though the same result may be often reached by an injured party, in preventing another from benefitting by an act or contract, procured by his artifice, or deceit. The theory of estoppel might be available in some such case. Here the complainant was apprized by the will of an option offered to her with reference to her future property rights, and it became at once her legal duty to be diligent and careful in acting, if she proposed to take what the law assured to her, in place of what the will gave. The Revised Statutes have but followed the common law, in their provision for an election by the widow between a testamentary gift in lieu of dower and the dower right itself; but they have further provided that the widow shall be deemed to have elected her devise, or pecuniary provision, unless, within one year after the death of her husband, she shall enter upon the lands to be assigned to her for her dower, or commence proceedings for the recovery or assignment thereof. Where, then, a provision is, by the express terms of the will, made in lieu of dower, the widow is obliged to make an election, whether to accept it, or to renounce it for what the law gives to her. She cannot have both, and she is at once chargeable with the duty of informing herself, so as to make her election; and that she shall have a certain period of time for that purpose, the legislature has provided what was deemed a reasonable season of delay, and its enactment that the election must be made within one year has the same force as a statute of limitation upon the widow's rights. The object of the legislature was to compel the widow to make her election a reasonable

time after the death of her husband. (*Hawley* v. *James*, 5 Paige, 446.) The right to dower out of the estate is a strict legal right, of which the widow cannot be deprived, save by her own act in waiving it, or in accepting some other and inconsistent provision; nor does the statute attempt to deprive her of it, but it provides that where something else is given.to her in lieu of it, if then she does not do some act evidencing a renunciation of the gift, in favor of what the law will admeasure to her, within the period of a year after the husband's death, such conduct shall be deemed an acceptance of the husband's provision for her. This being then a statute of limitation upon the widow's right to enforce her claim to dower, the policy of the law in such a case, as in all cases involving the operation of such a statute upon a person's rights, or demands, forbids the granting of relief against its provisions. The statute has acted and the right has gone.

Nor is this the ordinary case of election, where knowledge is necessary in order to make it validly, and, hence, where there was a mistake of facts, or a misconception as to rights, relief in equity is allowable. Here the statute does not offer, or create, the election. That existed already. The office of the statute was to impose a limitation of time upon the exercise of the power to elect, and to bar any subsequent exercise of it.

But a phase of this case is presented as to a possible estoppel upon Mrs. Kellogg, through the acts alleged. A party may be estopped from taking advantage of the legal helplessness of another, by reason of his conduct or representations having brought about such a condition. Is that the case here? Assuming that the allegations of the complaint might be deemed, with some latitude of judgment, to make out such an apparent estoppel upon Mrs. Kellogg, do the proofs make out such a case? I am unable to agree in such a view.

The testator died in 1881. The lands in question had been conveyed to his daughter, Mrs. Kellogg, for a nominal consideration, in 1877. Testator and his wife had lived upon them much of the time. Five days after his death the deed of con-

veyance was recorded. The statements, which the plaintiff refers to as having been made by Mr. Kellogg, can scarcely be deemed such as would bind Mrs. Kellogg, even though made in her presence by her husband. But such as they were, they amounted to nothing more than expressions of opinion. To say, the day after the funeral, when the will had been read, that plaintiff would "receive much more than if she received her dower;" or, again, shortly thereafter, to say that there would be "money enough for us all," have not the weight of representations of facts and certainly do not authorize a reliance upon them without investigation. Even if we assume that the representation by Mr. Kellogg, to the effect that the plaintiff would receive $1,200 to $1,300 a year, was made within the year after testator's death, and not, as I think it clearly appears from the proofs, some time in 1883, more than a year after testator's death, that would not exempt plaintiff from the duty of herself examining into the condition of affairs. What was that but opinion?

With matters of opinion equity is not concerned. A representation which states a probability, or a possibility, or is conjectural, is not to be relied on, or acted upon. She could have ascertained the extent, condition and tenure of the real estate, and the nature of the assets and liabilities of the personal estate. She was bound to know that the law compelled her to make her election as to whether she would abide by the will or not within a year. Ignorance of that law is no excuse, and expressions of opinion by interested persons cannot, though subsequently shown to be groundless or false, be regarded as misrepresentations. But I am unable to see that this plaintiff was really so ignorant as she pleads. There is enough in her own letters in the case to show that she was pretty well informed upon estate affairs generally, and in a letter from Kellogg to her, he speaks of this farm as a separate account, in which he acted by power of attorney. This was within the year after testator's death, and should have directed her attention to that subject. In this state the statute is imperative upon this subject of a widow's election, and there

is no other provision relieving from its strictness, as in some of the states where the widow's dower right is retained to her, if the property of the deceased is taken for his debts. Cases under such laws are inapplicable. Nor are authorities in point where the facts show that the widow was actually prevented from exercising any election, or where the will, or the provisions in lieu of dower, have entirely failed. If a widow has accepted a testamentary provision and it, or the will, shall fail for illegality, she is not bound, and equity will relieve, provided the rights of creditors or purchasers are not concerned, and will permit her to claim dower. (*Hone* v. *Van Schaick*, 7 Paige, 221–223.) The reason of this principle is too obvious to be dwelt upon. There must be a possibility for an election, or there is no election. An illegal or invalid provision gives nothing.

None of the exceptions to rulings call for our consideration, and I think the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.