FERRIS v. FERRIS et al.

(Supreme Court, Special Term, New York County.    November, 1894.)

1. FRAUD—WHEN NOT PRESUMED.
    The act of executors in procuring a release of dower from the widow, who is also an executrix, will not be presumed to be fraudulent where they had no personal interest in the matter, and were not trustees for her.

2. DOWER—DEVISE IN LIEU.
    Where testator devised part of his property to his wife, and the rest to his daughters for life, with remainder to his grandchildren, the devise to his wife is in lieu of dower, since the devise to his daughters is inconsistent with the dower interest.

Action by Letitia S. Ferris, as executrix of the estate of Isaac Ferris, deceased, against Richard B. Ferris and others, to set aside a release of dower.    Complaint dismissed.

F. J. Mather, for plaintiff.
John B. Whiting, for adult defendants.
Hanson C. Gibson, guardian ad litem, for infant defendants.

INGRAHAM, J.    This action is brought to set aside a release of dower of the plaintiff in the property of her deceased husband, executed on the 22d day of December, 1873, on the ground that the same was obtained by fraud. Plaintiff claims that such a relation of trust and confidence existed between herself and her coexecutors of the estate of her husband that the release must be presumed to be fraudulent, and that there is upon the defendant the burden of showing that the execution of the instrument by the plaintiff was, under all circumstances, just and proper, and that it was executed by her with full knowledge of her rights.    I do not think, however, that such re-

lations could be said to have existed between the plaintiff and her coexecutors. At the time of the execution of this instrument the plaintiff was not an old woman; her coexecutors had no personal interest in her execution of the release, and were not acting in any way as trustees for her; the will of her husband created no trust in her favor; neither of her coexecutors was a lawyer, and the plaintiff alleges that but one of them made any statement to her about the execution of this release. And while, considering the relation that existed between the parties, much less proof of fraud would suffice than where the parties were strangers dealing at arm's length, at the same time the relations between them were not such as would justify the court in holding that any instrument executed was presumptively fraudulent; and the burden of proof is therefore on the plaintiff to show that some act of the defendants misled her as to her right, and induced her to execute the paper, when but for such act she would not have done so. It is not necessary, I think, to find that there was deliberate misrepresentation. It would suffice if plaintiff could establish that she relied upon the defendant for advice as to her rights, and that the defendant, knowing that fact, and knowing that she was ignorant and relied upon him, failed to advise her, and that it was in consequence of such failure to obtain the advice to which she was entitled that she was induced to execute the release.

A careful consideration of the interest of the plaintiff at the time the release was executed, and of what was said and done by Mr. Ferris, her coexecutor, fails to establish that plaintiff is entitled to any relief. In considering this question, it is necessary to determine whether or not, under the will of her husband, plaintiff was put to an election as to whether she would accept the devise contained in the will or insist upon her dower in her husband's property. Isaac Ferris, at the time of his death, was the owner of two pieces of real estate,—one, his residence at Roselle, N. J., and the other, the house and lot, 108 East Twelfth street, in the city of New York. By his will he gave to the plaintiff his residence at Roselle, and to two unmarried daughters his house in New York for their lives, with remainder over to his grandchildren, giving to his executors a power of sale of the New York property. There was a mortgage upon both pieces of property,—one of $4,000 upon the Roselle house, and one of $7,000 upon the New York property.

The rule as to whether or not a wife is put to her election is stated by Chancellor Kent, in the case of Adsit v. Adsit, 2 Johns. Ch. 450, as follows:

"The legacy is not declared, by any express words in the will, to be in lieu of dower. The inquiry, then, is whether such an intention in the testator is to be collected, by clear and manifest implication, from the provisions in the will. To enable us to deduce such an implied intention, the claim of dower must be inconsistent with the will, and repugnant to its dispositions, or some of them. It must, in fact, disturb or disappoint the will."

Applying this test, I think it clear that the devise of the house to the daughters was inconsistent with the plaintiff's having a dower interest therein. The testator had a large family, and owned, at the time of his death, but these two pieces of real estate. It was impos-

sible for him to give to his two daughters an equal interest in the house, if the wife was at the same time to be entitled to one-third of the income for her life. He anticipated the necessity of the sale of the premises, either by himself during his life or by his executors after his death, and made a provision that in case of such sale the proceeds should stand in the place of the house, and the income be paid to his daughters for life, with the disposition of the remainder over. Yet that would be clearly impossible if his wife was to be entitled to the income of one-third of the proceeds during her life; and thus, I think, the claim of the plaintiff to dower in this New York real estate would defeat the express intention of the testator, and would thus be inconsistent with the provisions of the will.

The position of the plaintiff at the time was, then, as follows: She had received by the will a devise of the residence of her husband at Roselle, and stood in a position in which she was required to elect whether or not she would accept that provision of the will or insist upon her dower. It was necessary that she should make such an election within one year after the death of the testator. See 1 Rev. St. p. 742, § 14. She was an executrix under the will, and was aware of its contents. She was also aware of the fact that she was entitled to dower in the New York property. She was executrix of the will, in whom was vested a power of sale of such property, and in case of the sale would be one of the trustees whose duty it would be to invest the proceeds of the sale for the benefit of the daughters. Under such circumstances, she was requested to execute a release of her dower interest, which would be in effect an election to accept the devise of the residence in lieu of her dower; and that request was made of her by her cotrustee, making at the time no false statement to her of the fact, but recommending it as proper and necessary for the benefit of the estate. The plaintiff's recollection of just what happened at the time of the execution of this instrument is somewhat vague, and, while I have no doubt of her entire good faith, I do not think it can be implicitly relied upon. She was under the impression that the paper was executed at the time of Mr. Ferris' visit to her in New York. This, however, is shown to be a mistake, as the paper was executed in New York, at the office of Mr. Leveredge, and the acknowledgment of the instrument was taken before him. There was no difficulty, therefore, in the plaintiff's obtaining from Mr. Leveredge, at the time she executed the paper, a full explanation of its effect upon her, as Mr. Ferris was not present when the paper was executed. Mr. Ferris denies any recommendation to the plaintiff to execute the release, but says that it was done at the suggestion of Mr. Leveredge. Of that Mr. Leveredge has no recollection, the instrument having been executed over 20 years ago. But, however that may be, there was a sufficient lapse of time between any communication that Mr. Ferris made to the plaintiff and the execution of the instrument to enable her fully to consider the matter and to obtain advice as to what was best for her to do. There is an entire absence of evidence of any attempt to force the plaintiff to execute the release, or of any evidence to show that its execution was sprung upon her

without giving her the chance to consider the question, or determine whether or not she should release her dower; and there is nothing to show that the advice that Mr. Ferris gave was not proper advice, or that he withheld from her any information that he was bound to give her. Nor can it be said that the execution of the release was entirely without consideration. If she had expressly refused to execute it, those interested in the estate would have had the opportunity to contest the plaintiff's right to dower in the New York real estate and to possession of the Roselle house, and, if successful, could have compelled the sale of the Roselle house, in place of which the plaintiff had the exclusive use and possession of that property, and it has been lost to those entitled to the estate. The plaintiff does not ask in this action to be relieved from the consequence of her failure to elect to insist upon her dower; but, if she did, it is settled that that relief could not be granted. See Akin v. Kellogg, 119 N. Y. 447, 23 N. E. 1046. I think, therefore, plaintiff has failed to show that she is entitled to any relief, and the complaint must be dismissed.