## No. 14,481.

ESTATE OF STITZER.

PETERSON, EXECUTOR *v.* STITZER.
(87 P. [2d] 745)

Decided January 30, 1939.   Rehearing denied March 6, 1939.

530

Mr. Charles R. Hays, for plaintiff in error.

Mr. Morris Rifkin, Mr. Max Rifkin, for defendant in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

Clara B. Stitzer died testate on May 5, 1935, leaving as her only heir at law her husband F. A. Stitzer, then 95 years of age, who is the defendant in error here. By her will, after making a number of bequests to relatives and friends, Mrs. Stitzer left the residue of the estate to her husband for life and after his death to her three sisters. In due course her will was presented for probate to the county court of the City and County of Denver, and shortly thereafter the husband filed a caveat contesting the will on the grounds of lack of testamentary capacity and undue influence. At the trial of the contest in the county court the will was upheld and admitted to probate. From the county court judgment the husband

took an appeal to the district court where his contest was sustained. The proponents then brought the case to this court for review with the result that the judgment of the district court was reversed and the validity of the will upheld. *Peterson, Ext'r v. Stitzer,* 100 Colo. 521, 68 P. (2d) 561. On July 1, 1935, while the will contest was pending and before the will had been admitted to probate, the husband, having first secured the consent of the county court, filed therein an instrument entitled: "Election not to take under will," concluding as follows: "Wherefore, your petitioner, the surviving spouse of the deceased, Clara B. Stitzer, reserving all rights to continue the contest of the probate of the alleged last will and testament of the said deceased, Clara B. Stitzer, and without in any way waiving his right to contest the probate of the aforesaid alleged last will and testament, or the right or rights of his heirs so to do, and with the intent in mind of protecting his estate does hereby renounce the alleged last will and testament of the deceased, Clara B. Stitzer, and reserving the aforesaid rights does hereby file his election not to take under the aforesaid alleged last will and testament of the deceased, Clara B. Stitzer, as provided under section 5185 of the 1921 Compiled Laws of the State of Colorado, and also reserves to himself and his heirs the right to take all of the estate in the event of a termination of the Caveat in his favor."

July 26, 1937, the will was returned to the county court from the district court under a remittitur from the Supreme Court, and, in accordance with the directions of the latter, was therein finally admitted to probate and record. August 21, 1937, the husband filed in the county court a petition which, after reciting that he had "heretofore filed herein his election not to take under the alleged will" of the decedent, requested that certain specifically described real and personal property be set aside to him as a part of his one-half interest in the estate. July 25, 1938, the executor, plaintiff in error

here, filed in the county court a petition asking that the purported election of the husband be declared a nullity. The county court, the Hon. H. Lawrence Hinkley presiding, after hearing, overruled the petition of the executor, who then appealed to the district court, which reached the same conclusion, and its judgment, entered accordingly, is before us for review. The statute relating to the matter here presented for consideration, section 37, chapter 176, '35 C. S. A., reads as follows: "If any testator or testatrix, leaving a wife or husband, him or her surviving, shall by will give, bequeath, or devise away from such surviving wife or husband more than one-half of his or her property or estate, such surviving wife or husband may, in her or his option, and notwithstanding such will, take and receive one-half of the property or estate, both real and personal, of such testator or testatrix; provided, that such surviving wife or husband exercise such option by filing in the county court, in which such will is admitted to probate, within six months thereafter, her or his election in writing to take and receive one-half of said property or estate; and upon such filing of such election within said time, any such will shall be inoperative as to such one-half of said property or estate. The failure to make and file such election within said period of six months shall be conclusive evidence of the consent of the surviving wife or husband to the provisions of such will."

As his primary contention, plaintiff in error asserts that the purported election, having been filed *before* the will was admitted to probate, is without force and effect, and maintains that our pronouncement in *Sheely v. Sheely*, 102 Colo. 194, 78 P. (2d) 378, is decisive of the question. We do not so understand. In that case the purported election of the widow was filed ten months *after* the will of her husband had been admitted to probate. We held that since the election had not been filed previous to the expiration of the statutory six-months period it came too late to be effective and in this par-

ticular we said the statute was mandatory. Courts generally have held that legislative acts of this character are simply statutes of limitation fixing a definite time *after* which an election, if filed, cannot be considered. *In re Zweig's Will,* 261 N. Y. S. 400; *Akin v. Kellogg,* 119 N. Y. 441, 23 N. E. 1046.

Prior to the adoption of statutes fixing the period subsequent to which the election of the surviving spouse is precluded, in Colorado as in many other states, where the right of election, unrestricted as to time, was provided, much unnecessary delay and uncertainty in the administration of testate estates was occasioned. As illustrative of this situation, see: *Hodgkins v. Ashby,* 56 Colo. 553, 139 Pac. 538, and *Wolfe v. Mueller,* 46 Colo. 335, 104 Pac. 487.

By the enactment of the statute here under consideration the legislature, undoubtedly taking into consideration the time required for the filing of claims, inventories and other pertinent matters, merely provided what it deemed a reasonable season of delay with the penalty of the loss of the right if the election was not exercised before the expiration of the limited period. The obvious purpose of the statute is to assure timely notice to the court, to those in charge of the administration of the estate, and to all persons interested therein, that the surviving spouse is dissatisfied with the will and elects to take and receive one-half of the estate under the statute. We are unable logically to perceive the difference in efficacy as notice between an election filed in the probate proceedings before the admission of the will and one filed afterwards within the limitation period. Nor are legal rights prejudiced by the filing of the election before the admission of the will, since if it is admitted, the election ipso facto may become operative as of that time, but if probate is denied the effort of the surviving spouse becomes merely a futility. In the light of these considerations, it is our opinion that the county and district courts were right in overruling the petition

of plaintiff in error. In accord with this conclusion in the case of *In re Altman's Estate,* 290 N. Y. S. 803, involving the right of the widow to file an election to take against the will of her deceased husband previous to its admission under a New York statute limiting the time to file an election to a period of six months *after* the date of issuance of letters testamentary, the court said: ''The court holds that such right may be exercised. The statute is remedial. It should have that interpretation which gives the broadest possible protection to the surviving spouse. The notice filed with the person named as executor and a like notice filed with the clerk of the court suffices, whenever filed, if not later than the date fixed in the statute, to give to all the interested parties notice of the claim of the surviving spouse. * * * She is here seeking to exercise a personal right which the statute gives to her. The spirit of the statute requires the holding that nothing in its letter forbids the filing by a surviving spouse of her notice of election antecedent actual probate.''

We note that the opinions in *Harding's Adm'r v. Harding's Ext'r,* 140 Ky. 277, 130 S. W. 1098, and *Johnson v. Samuels,* 186 Ind. 56, 114 N. E. 977, apparently announce a contrary conclusion. However, in both these cases the question of the propriety of filing the election before the actual probate of the will was collateral to the principal issues involved and what was said with respect to the subject under consideration to some extent, at least, was obiter dictum. In the Harding case the husband was insane when his wife passed and he died before the will was probated. After the probate of the will his administrator filed an election for his estate, which was held ineffective. The pronouncement that the privilege of election did not accrue until after probate, was made in connection with the determination that it was not necessary to consider what the husband would or would not have done with reference to the election at the time of the death of his wife had he then been sane.

The Johnson case was a will contest proceeding. The trial court refused to admit as evidence a purported election by the widow, apparently offered for the purpose of disclosing her dissatisfaction with the will. The reviewing court upheld this ruling for the reason that, ''Any election made prior to the probate of the will could have no bearing on the validity of the will and hence had no force in supporting it.''

■■ Secondarily, plaintiff in error contends that the purported election is ambiguous, uncertain and contingent which, it is said, renders it insufficient to constitute an election under the statute. The statute, supra, prescribes no specific essentials with reference to the form of election other than to require that it be ''in writing.'' In view of this paucity of requirements it would seem that any written form of notice which accomplishes the purpose of informing those charged with the administration of the estate that the surviving spouse is dissatisfied with the will and is asserting statutory rights, would be sufficient. *In re Clark's Will*, 3 N. Y. S. (2d) 364. It likely is true that here the election is unnecessarily prolix and recites many irrelevant matters, but we do not believe it can be said to be ambiguous as to the intent of the husband to renounce the will if and when it was admitted to probate. Whether expressed or not, any election is contingent upon the establishment of the ultimate validity of the will, which in some cases, as evidenced by section 65, chapter 176, '35 C. S. A., may be subject to contest as late as a year after it is admitted to probate, which might well be long after the time for filing statutory election had expired, even if the limitation period was computed from the date of admission of the will. The recitals in the instrument to the effect that the election is conditioned upon the validity of the will expresses no more than would be the situation in any event.

In view of our determination that the election filed before the probate of the will was an effective exercise

of the option of the surviving husband to take under the statute, it is unnecessary to consider the effect of the petition filed after the issuance of the remittitur in *Peterson, Ext'r v. Stitzer, supra,* nor to determine whether the will was admitted to probate in the county court as of the date of its original order or when the second order was entered in accordance with the remittitur.

The judgment is affirmed.