PATTERSON, Chief Justice,
for the Court:
Virgie L. Gettis, Jr., Administrator C.T.A. of the estate of Virgie L. Gettis, deceased, *771 filed suit in the Chancery Court of Monroe County against the executrix of the estate of Nancy Devins Gettis. The petitioner sought to have cancelled the renunciation of the will of Virgie L. Gettis by Nancy De-vins Gettis, his widow, now deceased.
The issue presented is whether the widow’s renunciation accorded with Miss.Code Ann. § 91-5-25 (Supp.1981), which provides in part:
§ 91-5-25. Right to renounce will in certain cases.
When a husband makes his last will and testament and does not make satisfactory provision therein for his wife, she may, at any time within ninety (90) days after the probate of the will, file in the office where probated a renunciation to the following effect .... (Emphasis added)
The facts were stipulated as follows:
1. Virgie L. Gettis died testate on July 18, 1974.
2. The named executrix, Nancy Devins Gettis, widow of Virgie L. Gettis, petitioned for letters testamentary on April 10, 1975. With the petition she filed the original will, affidavits of the subscribing witnesses, and oath of the executrix.
3. On the same date, April 10, 1975, Nancy Devins Gettis filed her renunciation of the provisions made for her by the will of her deceased husband. The renunciation was in the form prescribed by statute.
4. The petition to admit the will to probate and grant letters testamentary was not followed by any order admitting the will to probate or granting letters testamentary.
5. The will was not recorded in the will book during the executorship nor was publication ever made giving notice to creditors of the estate.
6. Nancy Devins Gettis died June 26, 1979.
The petitioner in the trial court contended the widow’s renunciation was ineffective and invalid because Miss.Code Ann. § 91-5-25 (Supp.1981), permits a surviving spouse to renounce a will only after it has been admitted to probate. From this premise it was contended that the will of Virgie L. Gettis had only been filed and not probated and therefore the renunciation did not come within the 90 day period following probate but was before probate and hence was invalid. The trial court was of the opinion the widow’s renunciation was in proper form and filed within the permissible limits of Section 91-5-25. We affirm.
In W. Morse, Wills and Administration in Mississippi, § 10:2 (1968), the purpose of probation of a will is stated, “The admission or rejection of a will to probate is a judicial determination of the character and validity of the instrument as a will.” Of course, until the will is admitted to probate, the testamentary writing has no effect as a will. The appellant asserts, however, that in this case the will had no force and effect during the widow’s life time because it was never duly probated. This position overlooks the case of Edwards v. Edwards, 193 Miss. 889, 11 So.2d 450 (1943), wherein it was held:
Renouncement does not affect the validity of the will; it affects only the amount of property which the parties receive — • the renouncer as heir of decedent and the others as beneficiaries under the will. The will stands. But a successful contest establishes that there is no will. Therefore, renouncement cannot be substituted for a contest of a will. Id. at 894, 11 So.2d at 451-52.
See also Jefcoat v. Powell, 235 Miss. 291, 108 So.2d 868 (1959), restating this principle announced in Edwards.
In the present case we conclude the renouncement of the will had no effect upon the will’s validity but went only to the quantum of the widow’s inheritance as pronounced in Section 91-5-25.
We are of the opinion, as was the trial court, that Section 91-5-25 is remedial and should be given an interpretation with the broadest possible protection to the surviving spouse. We are persuaded to this viewpoint by In Re Stitzer’s Estate, 103 Col. 529, 87 P.2d 745 (1939), 120 A.L.R. 1266, as it seems *772 to be analogous. In Stitzer, the husband, while a will contest was pending and before • the will had been admitted to probate filed a renunciation. The Colorado Court held:
The obvious purpose of the statute is to assure timely notice to the court, to those in charge of the administration of the estate, and to all persons interested therein, that the surviving spouse is dissatisfied with the will and elects to take and receive one-half of the estate under the statute. We are unable logically to perceive the difference in efficacy as notice between an election filed in the probate proceedings before the admission of the will and one filed afterwards within the limitation period. Nor are legal rights prejudiced by the filing of the election before the admission of the will.
In construing the phrase “within 90 days after the probate of the will” we think the legislature intended to establish a limited time within which a surviving spouse’s right of renunciation shall cease so that the renunciation would precede the final distribution of the estate as well as inform all interested parties of the surviving spouse’s election. In this case the widow’s renunciation, albeit before formal probate, had the effect of advising the court and all parties of her election the same as they would have been advised if timely made after probate. In our opinion, this conforms with the legislature’s intention and in no wise prejudices any of the parties to this suit.
We, therefore, affirm the decree of the trial court.
AFFIRMED.
SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.