740 So.2d 1 (1998)
Jo Ellen PHILLIPS, Appellant,
v.
The ESTATE OF Marie M. HOLZMANN, Appellee.
No. 98-765.
District Court of Appeal of Florida, Third District.
November 25, 1998.
*2 John C. Adams, Coral Gables, for appellant.
Bartmon & Bartmon, and Richard G. Bartmon, Boca Raton; Kevin H. Hendrickson, Fort Pierce, for appellees.
Before SCHWARTZ, C.J., and GERSTEN and GREEN, JJ.
GERSTEN, J.
Jo Ellen Phillips ("appellant") appeals an order requiring her to return $25,000.00, paid to her under Marie M. Holzmann's (the "testator") will, to the testator's estate. We affirm because the appellant received the $25,000.00 in trust for a specific non-charitable purpose and that purpose no longer exists.
In her will, the testator left $25,000.00 to her "beloved friend," the appellant, "for the care and shelter of [her] two dogs, Riley and Shaun." Shortly after the testator's death, however, Riley and Shaun were put to sleep for health reasons. Due to this turn of events, the testator's parents petitioned to have the $25,000.00 returned to the estate.
The trial court concluded that the appellant received the $25,000.00 as an "honorary trust" and that the honorary trust failed when the dogs were put to sleep. Upon failure, the court determined, the trust became a "resulting trust" for the benefit of the estate's residual beneficiaries. We agree with the trial court's analysis.
The polestar in construing any will is to ascertain the intent of the testator. See West v. Francioni, 488 So.2d 571 (Fla. 3d DCA 1986); Hulsh v. Hulsh, 431 So.2d 658 (Fla. 3d DCA 1983), review denied, 440 So.2d 352 (Fla.1983). Here, the testator unambiguously directed that the money was for the benefit of her dogs, not the appellant. She, thus, intended to establish an honorary trust. See In re Searight's Estate. Dep't of Taxation of Ohio v. Miller, 87 Ohio App. 417, 95 N.E.2d 779 *3 (1950); Restatement (Second) of Trusts § 124 cmt. d (1959); John G. Grimsley, Florida Law of Trusts 18-2 (4th ed.1993).
A trust of this sort is not a true trust. See e.g. The Fidelity Title and Trust Co. v. Clyde, 143 Conn. 247, 121 A.2d 625 (1956). It does not conform to the time-honored requirement that there be a beneficiary capable of enforcing its terms. See The Fidelity Title and Trust Co. v. Clyde, 121 A.2d at 630. Nonetheless, the American Law Institute takes the position that the transferee has the power to apply the property to the designated purpose, but cannot be compelled to do so. See Restatement (Second) of Trusts § 124 (1959). If the transferee does not apply the property to its designated purpose, she holds it upon a resulting trust for the settlor or the settlor's estate. See Restatement (Second) of Trusts §§ 124 cmt. b; 418 cmt. b (1959). We adopt the American Law Institute's position regarding honorary trusts.
Because the testator's dogs were put to sleep, the appellant/transferee could not apply the $25,000.00 to the designated purpose. A resulting trust was thereby created and the trial court properly ordered the appellant to return the property to the estate. The judgment is affirmed in all respects.
Affirmed.