GRIFFIS, P.J.,
for the Court:
¶ 1. This appeal considers when a decedent’s spouse can renounce a will. Janelle Skinner Weill, the decedent’s spouse, filed a motion to renounce the will. The chancellor denied the motion. On appeal, Janelle argues that it was error for the chancellor to: (1) find no renunciation of the will by operation of law; (2) find the decedent’s spouse did not timely renounce the will; and (3) deny the motion to disqualify the executor. We find no error and affirm.
FACTS
¶ 2. This case arises from the death of Theodore (“Ted”) Clark Weill. Ted died testate on November 20, 2009, in Pike County, Mississippi.
¶ 3. Ted was survived by his wife, Janelle Skinner Weill. Janelle lived at her home in Nebraska but also spent time in the couple’s homes in Mississippi and Michigan. Before Ted’s death, Janelle had filed for divorce in the State of Nebraska. The petition for divorce was dismissed after Ted’s death.
¶ 4. Ted was also survived by six adult children from a previous marriage: Kathryn Louise Long, Susan Marie Weill, Eric Noel Weill, Jefferey Alan Weill, Timothy Clark Weill, and Terry Paul Weill.
¶ 5. On November 24, 2009, Janelle filed a petition for letters of administration in the Chancery Court of Pike County, Mississippi, Cause No.2009-632. Janelle claimed Ted died intestate and sought appointment of an administratrix.
¶ 6. On November 25, 2009, Terry, an attorney, filed a petition for the probate of Ted’s will and appointment of an executor in the Chancery Court of Pike County, Mississippi, Cause No.2009-635. According to the will submitted for probate by Terry, Ted’s will appointed his daughter Kathryn and Terry to serve as co-executors of his estate. For reasons not relevant to this appeal, Kathryn executed a notice of declination to serve as a co-executor of Ted’s estate and requested that Terry be appointed as sole executor of the estate. Thereafter, Terry proceeded as the sole executor of his father’s estate.
¶ 7. On December 21, 2009, Terry filed an objection to the petition for letters of administration filed by Janelle in Cause No.2009-632.
¶ 8. On January 7, 2010, the chancellor held a telephone conference. Counsel for *767 both Janelle and Terry participated in the conference. Janelle alleges that during this telephone conference, the chancellor and attorneys discussed Janelle’s intent to renounce Ted’s will.
¶ 9. By order dated January 13, 2010, the chancellor ruled that Ted’s will was valid and admitted it to probate. The chancellor ordered that letters testamentary be issued to Terry, as the executor of Ted’s estate. The effect of this order was to consolidate the separate petitions filed by Janelle and Terry, and the litigation proceeded with all pleadings filed in Cause No.2009-635.[1]
¶ 10. Terry proceeded with the administration of the estate. On February 1, 2010, Terry filed an affidavit of notice to creditors. The notice was published in the Pike County newspaper for three consecutive weeks. On February 24, 2010, Terry filed an inventory of money, debts due the decedent, and property not appraised. The inventory contained all of Ted’s assets that were known by the executor and family members at the time of Ted’s death. Terry also responded to several motions made against the estate which are not relevant to this appeal.
¶ 11. On May 28, 2010, Janelle filed a motion to renounce the will. In the motion, Janelle asserted:
[O]n or about January 7, 2010, soon after petition(s) had been filed regarding the estate of Theodore Clark Weill, a telephone conference was held whereby widow, Janelle’s attorney, formally renounced the will to both the honorable Judge and to the attorney for the executor/estate.
... An affidavit has been attached further supporting the widow’s continued intentions to do the same.
¶ 12. In the affidavit, Janelle stated:
I hereby renounce the provisions made for me in the will regarding any gift of dogs and a small amount of money in which to utilize in transporting them to Nebraska. In lieu of that gift, I am asking for a widow’s share as if intestate.
... [M]y attorney, Margaret Holmes, during a phone hearing on or about January 7, 2010 to determine which petition would be utilized in my late husband’s estate proceedings, ... declared on my behalf to the honorable judge and the attorney for the estate/executor that I was at that time indeed renouncing that portion of the will.
¶ 13. On September 14, 2010, the chancellor entered an order that denied Janelle’s motion to renounce the will and held that “the [ejstate shall proceed with Janelle ... taking as a beneficiary under the terms and conditions of ... [Ted’s will], probated herein.”
¶ 14. On November 16, 2010, Terry filed the first and final accounting and the petition for approval of the accounting and to close estate.
¶ 15. On November 22, 2010, Janelle filed a motion to disqualify Terry as the executor of Ted’s estate and alleged he had breached various fiduciary duties. Janelle also filed a motion, pursuant to Rule 60(a)-(b) of the Mississippi Rules of Civil Procedure, for relief from the order denying her motion to renounce Ted’s will. On December 2, 2010, Janelle filed an objection and motion to strike the executor’s *768 petition for a first and final accounting and to close the estate.
¶ 16. On January 24, 2011, Janelle filed a motion for a declaratory judgment finding by operation of law renunciation of the will unnecessary or, in the alternative, that the previous renunciation was perfected.
¶ 17. On January 26, 2011, the chancellor entered separate orders that: (a) denied Janelle’s motion for reconsideration of the order denying her motion to renounce the will; (b) denied Janelle’s Rule 60(a)-(b) motion for relief from the order denying her motion to renounce; (c) denied Janelle’s motion to disqualify Terry as executor; (d) denied Janelle’s objection and motion to strike the petition for first and final accounting and to close the estate; (e) denied Janelle’s motion for a declaratory judgment; and (f) entered judgment that approved the first and final accounting and closed the estate. Janelle filed her notice of appeal on February 8, 2011.
STANDARD OF REVIEW
¶ 18. This Court will not reverse the chancellor’s judgment unless we conclude that the chancellor’s findings of fact were clearly erroneous, manifestly wrong, or the chancellor applied an incorrect legal standard. In re Estate of Thornton, 922 So.2d 850, 852 (¶ 6) (Miss.Ct.App.2006). We will review legal questions de novo. Id.
ANALYSIS

1. Whether Janelle was entitled to renounce Ted’s will.

A. Whether renunciation occurred by operation of law.

¶ 19. The chancellor determined that Janelle was a beneficiary under Ted’s will by virtue of a specific bequest contained in Item 5 of the will. Janelle argues that Ted’s will failed to make any provision for her and that the chancellor erred in the denial of her motion for renunciation.
¶ 20. Janelle relies on Mississippi Code Annotated section 91-5-27 (Rev.2004), which provides:
If the will of the husband or wife shall not make any provision for the other, the survivor of them shall have the right to share in the estate of the deceased husband or wife, as in case of unsatisfactory provision in the will of the husband or wife for the other of them. In such case a renunciation of the will shall not be necessary, but the rights of the survivor shall be as if the will had contained a provision that was unsatisfactory and it had been renounced.
She claims that she was not required to take any action to affirmatively renounce Ted’s will. In Tillman v. Williams, 403 So.2d 880, 881 (Miss.1981), the supreme court held that section 91-25-27 “specifically relieves the surviving spouse from taking any affirmative action and the law automatically renounces the will.” (Citation omitted).
¶ 21. The chancellor determined that Janelle was a beneficiary under Ted’s will by virtue of Item 5, which provided:
My wife Janelle Skinner Weill has requested this date (08/25/2008) that she not be included in any way, shape, or form in my Will, except that she receive my seven beloved dogs to care for. She is to be offered $25,000 from my assets to effect the transfer of my dogs to her home, wherever that may be at the time of my death.
¶ 22. Janelle argues that neither the dogs nor the $25,000 cash payment constitutes a bequest or provision to her from Ted’s will. Hence, she argues that Item 5 of the will does not make her a beneficiary under the will, and she is entitled to re *769 nounce the will pursuant to Mississippi Code Annotated section 91-5-27.
¶ 23. Janelle also cites Phillips v. Estate of Holzmann, 740 So.2d 1 (Fla.Dist.Ct.App.1998), for the proposition that Item 5 of Ted’s will was not sufficient to make Janelle a beneficiary under the will. In Phillips, the estate sought the return of $25,000 that was paid to a friend of the testator under the terms of a will “for the care and shelter of ... two dogs.” Id. at 2. Because the testator’s dogs were put to sleep shortly after the testator died, the testator’s parent sought the return of the $25,000. Id. The court ordered the return of the money on the basis that it could not be used for the designated purpose, i.e., the continuing care of the dogs, since the dogs had been put to sleep. Id.
¶ 24. Here, unlike Phillips where the money was paid for the continuing care of the dogs, the provision for a $25,000 cash payment to Janelle was a specific and absolute bequest. Janelle was to receive Ted’s seven dogs and $25,000 for the transfer of the dogs to her home, wherever she may live at the time of Ted’s death. This bequest was not in the form of a trust for the future care and shelter of Ted’s dogs, but was to be paid to Janelle for the transfer of the dogs to her home. Thus, unlike Phillips, even had Ted’s dogs not survived the transfer to Janelle’s home, the bequest of the $25,000 was absolute.
¶ 25. For reasons that were his alone, Ted decided to leave Janelle his seven dogs. Even though Item 5 of the will stated that Janelle requested that she not be “included in any way, shape, or form,” the will still provided for her through the bequest of the dogs and a $25,000 cash payment for the transport of the dogs to her home.
¶26. We find no error in the chancellor’s conclusion that Janelle was a beneficiary under Ted’s will. As a result, we agree with the chancellor that section 91-5-27 does not apply to renounce Ted’s will by operation of law.

B. Whether Janelle affirmatively renounced her provision under the will.

¶ 27. Janelle claims that she timely renounced the will. Assuming Janelle could have renounced the will under any circumstances given the record in this case, she would have been required to do so within a statutory time period. Mississippi Code Annotated section 91-5-25 (Rev.2004) provides:
When a husband makes his last will and testament and does not make satisfactory provision therein for his wife, she may, at any time within ninety (90) days after the probate of the will, file in the office where probated a renunciation to the following effect, viz.: “I, A B, the widow of C D, hereby renounce the provision made for me by the will of my deceased husband, and elect to take in lieu thereof my legal share of his estate.” Thereupon she shall be entitled to such part of his estate, real and personal, as she would have been entitled to if he had died intestate, except that, even if the husband left no child nor descendant of such, the widow, upon renouncing, shall be entitled to only one-half CP) of the real and personal estate of her deceased husband. The husband may renounce the will of his deceased wife under the same circumstances, in the same time and manner, and with the same effect upon his right to share in her estate as herein provided for the widow.
(Emphasis added).
¶ 28. To support her argument, Janelle cites Gettis v. McAllister, 411 So.2d 770 (Miss.1982). In Gettis, the wife of the testator filed her renunciation of the will *770 prior to an order admitting the will to probate or granting letters testamentary. Id. at 771. The chancellor allowed the renunciation, and the supreme court held that “[i]n this case the widow’s renunciation, albeit before formal probate, had the effect of advising the court and all parties of her election the same as they would have been advised if timely made after probate. In our opinion, this conforms with the legislature’s intention and in no wise prejudices any of the parties to this suit.” Id. at 772.
¶ 29. Here, Janelle’s written renunciation was filed more than ninety days after the chancellor admitted Ted’s will to probate. The chancellor entered the order that admitted Ted’s will to probate on January 13, 2010. Janelle filed her motion to renounce Ted’s will on May 28, 2010. Janelle’s motion was beyond the ninety-day statutory period set forth in Mississippi Code Annotated section 9-5-25. Gettis offers no authority to support Janelle’s position.
¶ 30. Janelle also claims thát her counsel orally renounced Ted’s will in the telephone conference. Janelle contends that this statement in the telephone conference placed all parties on notice of her intent to renounce the will. The telephone conference is not part of the record. Section 91-5-25 does not provide for an oral notice to renounce the provisions of a will. Instead, the statute specifically requires written renunciation of the will with the clerk within ninety days after the probate of the will. The statute even states the necessary language that must be used. Id.
¶ 31. Based on the record before us, there is no evidence that Janelle renounced the will as required by section 91-5-25. Accordingly, we find that the chancellor correctly determined that, to the extent that renunciation was permissible, Janelle’s motion was not timely. We find no error in this decision.

2. Whether the chancellor erred in failing to disqualify Terry as executor.

¶ 32. Janelle next argues the chancellor erred in the denial of her motion to disqualify Terry as executor. Janelle claims that Terry breached his fiduciary duties to the estate by: (1) failing to produce a complete and accurate list of assets in the estate’s inventory; (2) failing to complete an audit or appraisal on the business owned by the estate, leading to undervaluation; and (3) delaying the spreading of the Ted’s ashes pursuant to the will.
¶ 33. “[T]he chancellor enjoys great discretion in the decision of whether to appoint or remove an executor.” In re Estate of Carson, 986 So.2d 1072, 1077 (Miss.Ct.App.2008). Here, the estate had sufficient assets to pay Janelle the specific bequest of seven dogs and $25,000. The chancellor determined that Janelle would not have benefitted from an accounting of assets or an appraisal of the business. Even if another accounting had been conducted, Janelle’s bequest would not have been affected.
¶ 34. Janelle also argues that Terry breached his fiduciary duty as executor when he delayed the spreading of Ted’s remains as set forth in the will. Item 3 of the will provided:
When I die, my remains are to be cremated and spread throughout my 160 acre farm at Sears, Michigan. However, if there is a need for any good body organs that I might have, they should be donated to an organ bank or individuals as determined by the executors of my estate.
Ted’s will did not mandate a time frame to scatter his ashes in Michigan. During the January 26, 2011 hearing, Terry advised *771 the chancellor that April 9, 2011 had been set for the ceremony in Michigan and that Janelle had been notified. Janelle did not object to the April 9, 2011 ceremony. The chancellor subsequently approved the date to spread Ted’s ashes in Michigan.
¶ 35. Janelle’s argument to this Court does not explain how the delay in spreading Ted’s ashes was a violation of the executor’s fiduciary duty such that would require his removal. We note that Ted’s will did not provide a time frame for the executor to carry out this duty. Terry explained that due to the distance involved, weather considerations, and the number of people who needed to be invited, the proposed date was reasonable. This matter was discussed at a hearing, and the chancellor’s January 26, 2011 judgment affirmed the date to spread Ted’s ashes. We can find no error with the chancellor’s decision.
¶ 36. Accordingly, we find this issue to be without merit and affirm the chancellor’s judgment.
¶ 37. THE JUDGMENT OF THE CHANCERY COURT OF PIKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. On December 28, 2010, the chancellor signed an agreed order to consolidate Cause No.2009-632 and Cause No.2009-635. The record on appeal includes the consolidated files from the chancery court. There appears to be no claim of error due to the separate court files.