HERBERT *v.* NATIONAL CITY BANK, EXECUTOR, ET AL.

[No. 13,544. Filed February 20, 1929.]

*Paul H. Schmidt,* for appellant.
*John R. Brill* and *John W. Brady,* for appellees.

REMY, J.—Sidney Z. Herbert died testate October, 1925, leaving as his only heirs or next of kin, his widow, Hester A. Herbert, appellant herein, and their minor daughter, Katharine Alice Herbert. By the terms of the will, the undivided one-third of his property, real

and personal, the testator gave to his widow, "in lieu of her statutory rights," remainder to a trustee in trust for his daughter, so to be held until the daughter would arrive at the age of twenty-five years, with the provision that if the daughter should die before she arrived at the age of twenty-five, the property so willed should go to those of testator's "blood relatives then living." The National City Bank of Evansville was named in the will as executor and trustee. On October 6, 1925, the will was probated, and January 7, 1926, the widow, pursuant to §3 of the act of 1907 (Acts 1907 p. 73, §3358 Burns 1926), renounced the provision made for her in the will, and elected to take the interest in the estate given to her under the laws of descent. Subsequently, the widow commenced this action to contest the will. Complaint charges unsoundness of mind and undue influence, and is in the usual form, except that the facts as to the provisions of the will and appellant's election to renounce the provision in her behalf and to accept under the law are fully set forth.

A demurrer to the complaint for want of sufficient facts was sustained, and appellant refusing to plead further, judgment was rendered in favor of appellees. This appeal followed.

But one question is presented: Can appellant, who, as widow, had made her election to take under the law, maintain an action to contest the will?

The parties agree, for the purposes of this case, that the value of the estate is in excess of $10,000, and that, under the laws of descent in this state, if the husband had died intestate, the widow would have received the undivided one-half of the estate. It is also agreed that if the will stands, the widow, having elected to renounce the will, would, under the facts averred in the complaint, receive one-third of the estate and $500, and no more.

It is provided by statute, §3358, *supra*, that a widow,

desiring to renounce the provision made for her in her husband's will, must file her election so to do within one year from the time the will is probated; and it has many times been decided by the courts that a failure to make an affirmative election within the year will be deemed an election to accept the provisions made by the will. *Whitesell* v. *Strickler* (1906), 167 Ind. 602, 618, 78 N. E. 845.

It is first contended by appellees that the widow having elected to renounce the provisions made for her in the will, and to take under the statutes of descent, she now has no interest in the estate affected by the will— is not, therefore, a real party in interest, and cannot maintain this action to contest. We do not concur in that view.

It is of course well settled that only those who have an interest in the subject-matter of the will may contest its validity (*Crawfordsville Trust Co.* v. *Ramsey* [1912], 178 Ind. 258, 102 N. E. 282); but can it be said that appellant has no property interest affected by the will?

Appellant having elected to take under the law, she will, if the will stands, receive one-third of the estate and $500, which is $500 more than she would have received if she had elected to take under the will. If the will is set aside, she would receive one-half of the estate. Necessarily, if the will is set aside, the amount appellant would receive, in excess of that which she would receive if the will stands, would be the difference between one-half and one-third plus $500, or one-sixth less $500. It follows that appellant has a subsisting property interest in the estate affected by the will.

A further argument of appellees is that, by electing to take under the law, appellant recognized the will and

thereby irrevocably fixed the amount she would receive at one-third of the estate and $500, whether the will stands or is set aside, and is now estopped to maintain an action to contest. The fallacy of the argument is readily seen. By her election to take against the will, appellant did not affirm that the will was duly executed, that it was not procured by fraud, or that the party who executed it was of sound mind; she did not, by her election, as assumed by appellees, recognize the instrument in question as a valid will. At most, she but recognized or acknowledged the fact that the instrument probated purported to be the will of her late husband, without in any way obligating herself as to its validity. We hold that, by her election to renounce the provision of the will in her behalf and to take under the law, appellant is not estopped to contest the validity of the instrument.

In support of the conclusion reached in this opinion, we call attention to the case of *Miller* v. *Miller* (1871), 61 Tenn. (5 Heisk.) 723, where the exact questions presented by this appeal were considered and determined by the Supreme Court of Tennessee.

Judgment reversed, with instructions to the trial court to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Lockyear, J., not participating.