EDWARDS *v.* EDWARDS *et al.*

(Division A.   Jan. 25, 1943.)

[11 So. (2d) 450.   No. 35162.]

**Bee King**, of Mendenhall, and **D. C. Enochs**, of Jackson, for appellants.

J. B. Sykes and Edwards & Edwards, all of Mendenhall, and Hilton & Kendall, of Jackson, for appellee.

Argued orally by D. C. Enochs, for appellant, and by J. P. Edwards, for appellee.

Roberds, J., delivered the opinion of the court.

Appellant is the widow and sole heir-at-law, and appellees are the sisters, nephews and nieces and a brother, of A. M. Edwards, deceased. Appellees propounded and

succeeded in having established an alleged nuncupative will of A. M. Edwards, under which appellant has a life and appellees a remainder interest in the personal estate of decedent. The widow appeals.

Appellees, by plea in bar filed here, contend first that this appeal should be dismissed because appellant, after the case was tried below and a few days before expiration of six months thereafter, renounced, by writing, the will so established. By this, appellees say, she has elected her remedy and is estopped to prosecute the appeal. Neither side has cited an authority in point and our research has disclosed none. The question must be determined by applying the state statutes to the facts of the case, having in view the purposes of and rights under such statutes.

Section 3561, Code of 1930, provides that when the will of the husband or wife does not make satisfactory provision for the other, the survivor, at any time within six months after the probate of the will, may renounce it by filing in the office where probated a written renunciation thereof. In the vast majority of cases, the appeal is not heard here within six months after the trial below, so that in such cases a contestant is put to the hazard of either renouncing within the six months and being met with the doctrine of election, or waiting until the case is finally determined and being met with the expiration of the six months requirement for renunciation. We think the rule that where one "has at his command inconsistent remedies and he is doubtful which is the right one, in the absence of facts creating an equitable estoppel, he may pursue any or all of them until he recovers through one, since the prosecution of a wrong remedy to defeat will not estop him from subsequently pursuing the right one," 28 C. J. S., Election of Remedies, p. 1085, sec. 12, is applicable here, conceding that there is an inconsistency between renunciation and the prosecution of the appeal.

Of course, a contestant cannot know his rights until the contest is terminated.

But we do not think that there is an inconsistency. In both cases, appellant is claiming as an heir of decedent; in neither is she claiming under the will. Under both the renunciation and the contest, if successful, she takes by inheritance. In addition to that, the renunciation is not an abandonment of the contest, for the reason that, under said Section 3561, the will, although renounced, is yet, if established, effective to convey a part of the estate of the testator. Appellant, as renouncer, is only entitled to part of the estate of her husband; as successful contestant herein she would be entitled to all of it. Renouncement does not affect the validity of the will; it affects only the amount of property which the parties receive—the renouncer as heir of decedent and the others as beneficiaries under the will. The will stands. But a successful contest establishes that there is no will. Therefore, renouncement cannot be substituted for a contest of a will. Section 3562, Code 1930, a companion Section to 3561, provides that where the will of the husband or wife makes no provision whatever for the other, the law renounces it for the survivor, who thereupon has the right to share in the estate of the decedent as in case of unsatisfactory provision, followed by renouncement by the survivor. So that, if renouncement works estoppel to contest the will, we would have the anomaly of the law itself making the election under Section 3562 and thereby cutting off the right of contest. We do not think appellant is barred of her right to prosecute this appeal.

It is not necessary for us to, and we do not, decide whether, under the circumstances here or any similar circumstances, a renunciation might be filed after, and within six months of, termination of an unsuccessful contest of a will.

The trial court granted proponents instruction number two, reading: "The court instructs the jury for the

proponents that if you find that a nuncupative will was made as is alleged, then such will should be established by your verdict in this case and that thereby the entire estate of decedent insofar as the personal property is concerned, would all pass in trust for the use, benefit, support and maintenance of the widow of decedent for the balance of her natural life and at her death any remaining property would then be divided among the legal heirs of decedent, share and share alike, and that the real estate owned by decedent is not involved in this proceeding, but that same descended upon the death of the said A. M. Edwards to his widow." In Ellis v. Ellis, 160 Miss. 345, 134 So. 150, 153, this court said: "The appellant next complains of the refusal of three instructions to the effect that, although the jury should find in favor of the contestant, the widow, Mrs. Ellis, would still have the right to renounce the will in favor of the contestant and take by descent one-half of the estate. These instructions were properly refused. It was the province and duty of the jury to determine issues of fact submitted to it, and the manner in which the property would descend or be distributed in the event they found against the validity of the will was no concern of the jury."

It is not the province of the jury, on a contest of a will, to say whether decedent should or should not have made a will, or to make one for him, or to determine whether it is equitable or just, nor to construe it. Magee v. McNeil, 41 Miss. 17, 90 Am. Dec. 354. And, we might add, neither is it the province of the trial judge to construe the will on such contest. Cameron v. Watson, 40 Miss. 191, 209. The meaning and effect may be, and often are, very doubtful. It is pertinent to the idea under discussion to say that, in some respects, that is true of this alleged will. But this instruction was an argument to the jury that the establishment of this will would be no injustice to the widow because she would be taken care of anyway, and, too, it left the jury to speculate about the respective

values of the real and personal property. The granting of this instruction was reversible error.

We have examined the other assignments of error, including the contentions (1) that testator did not have testamentary capacity; (2) that the evidence fails to show the rogatio testium; (3) that testator did not intend to make a will; and (4) that the words the jury found he uttered are not testamentary in character and effect; and in our opinion no error is embraced in such assignments.

Reversed and remanded.