653 N.E.2d 20 (1995)
273 Ill.App.3d 599
210 Ill.Dec. 433
In the Matter of the ESTATE OF Leanore Taub CROCE, Deceased, (Donato Croce, Petitioner-Appellant,
v.
Merle Davis, as Executor and Trustee Under the Last Will and Testament of Leanore Taub Croce, Deceased, and Michael Croce, a Minor, Respondent-Appellee).
No. 1-94-2425.
Appellate Court of Illinois, First District, Sixth Division.
June 23, 1995.
*21 Vincent J. Pascucci, Chicago, for appellant.
A. Charles Kogut and Anthony J. Kogut of Kogut & Associates, Des Plaines, for appellee.
Justice EGAN delivered the opinion of the court:
The principal issue in this case is whether a surviving spouse may maintain a will contest after having filed a renunciation of the will. No Illinois case has addressed this precise issue; but cases in other jurisdictions have.
Donato Croce, the surviving spouse, appeals from an order dismissing his complaint to contest the will of his wife, the decedent, Leanore Taub Croce. The trial judge held that a renunciation of the will filed by the petitioner barred him from maintaining the will contest. The petitioner also appeals from a subsequent order denying him leave to withdraw his renunciation.
The decedent died on May 25, 1993; surviving her were the petitioner and a son, Michael Croce. A petition for probate of a will was filed on June 23, 1993. In the will, the decedent gave her residence in trust to her son; a custodial brokerage account in trust to her son; a savings account in trust to her son; and any interest the decedent had in her late mother's estate to her son. The decedent gave to the petitioner 50 percent of her one-half interest in property at 1120 Jackson Boulevard in Chicago. (Her brother owned the other one-half interest.) She expressed the intention that her son be given 25 percent interest in that property.
On December 6, 1993, the petitioner filed a petition to contest the will alleging that the decedent lacked testamentary capacity when she executed the will. On January 10, 1994, the petitioner filed a renunciation of the will. On January 27, the executor filed a motion to strike the will contest complaint on the ground that the allegations were legally insufficient. The record does not contain a pleading in which the executor alleged that the will contest complaint must be dismissed because of the renunciation; but apparently the executor did file such a pleading because the petitioner filed a response on February 14, in which he maintains that "no Illinois cases prohibit a spouse who exercises his right to renounce a will from also challenging the validity of that will." On February 28, the judge struck the will contest complaint and gave the petitioner 21 days to file an amended complaint.
On April 22, the petitioner was given leave to file a first amended complaint to contest the will; and the executor was given 14 days to file a response. The record contains an agreed order entered on May 2, giving the petitioner 14 days to file a response to the executor's motion to strike and dismiss the will contest; but it does not contain the executor's motion to strike and dismiss.
On May 19, the petitioner filed a response to the motion to strike and dismiss the first amended complaint to contest the will and a "revocation of spouse's renunciation of will." In his response to the motion to strike and dismiss, the petitioner stated that "his renunciation does not constitute an election to take, under the Will, but, in fact, reenforces and reaffirms his refusal to recognize the terms and provisions of the Will." In his response he asked that, if the judge determined that his renunciation of the will constituted an election which barred him from continuing his will contest, the court permit him to withdraw the renunciation "on the basis that: A. the renunciation was filed after the date of the filing of the will contest action which was filed on December 6, 1993; and B. the executor has previously approved and suggested such withdrawal."
In the "revocation of renunciation" filed the same day, the petitioner alleged as follows:
"The Court has determined on the Motion of the executor that the Renunciation constitutes an election by the spouse as to *22 the manner in which he will take from the estate of wife and is therefore a bar to the Petition to Contest the decedent's will.
At the time of the filing of the Renunciation the undersigned believed and understood that such action constituted a further indication of his refusal to recognize the will of the decedent as a valid expression of her intentions. Accordingly, his Renunciation was intended not as an election but as a further rejection of the decedent's will and codicils."
On May 20, the trial judge dismissed the will contest with prejudice. On June 17, the petitioner filed a motion to reconsider. On June 23, the judge denied the motion to reconsider and denied the petitioner's motion for leave to withdraw the renunciation of the will.
This case hinges on the interpretation of Section 2-8 of the Probate Act of 1975 (755 ILCS 5/2-8 (West 1992)) which provides in part as follows:
"Renunciation of Will by Spouse.
(a) If a will is renounced by the testator's surviving spouse, whether or not the will contains any provision for the benefit of the surviving spouse, the surviving spouse is entitled to the following share of the testator's estate after payment of all just claims: 1/3 of the entire estate if the testator leaves a descendant or ½ of the entire estate if the testator leaves no descendant.
(b) In order to renounce a will, the testator's surviving spouse must file in the court in which the will was admitted to probate a written instrument signed by the surviving spouse and declaring the renunciation. The time of filing the instrument is: (1) within 7 months after the admission of the will to probate or (2) within such further time as may be allowed by the court if, within 7 months after the admission of the will to probate or before the expiration of any extended period, the surviving spouse files a petition there for setting forth that litigation is pending that affects the share of the surviving spouse in the estate. The filing of the instrument is a complete bar to any claim of the surviving spouse under the will."
Everyone agrees that if, instead of filing a renunciation, the petitioner had filed a petition informing the judge of the existence of the complaint for a will contest and seeking an extension of time in which to file a renunciation, there would have been no problem. We agree that the petitioner might have made a tactical mistake, but we do not believe it was fatal to his right to maintain the will contest.
The general rule is that any "interested person" may contest a will. (95 C.J.S. Wills § 329, at 176-78 (1956).) No one disputes the fact that the petitioner is an "interested person."
In a case with facts almost identical to the one before us, the Indiana Appellate Court held that a widow was not estopped from contesting her deceased's husband's will despite the fact that she had renounced the provisions of that will. (Herbert v. National City Bank (1929), 88 Ind.App. 626, 165 N.E. 80.) In that case, the testator died leaving his wife and a minor daughter. After the will was probated, the wife renounced the provisions of the will in accordance with the renunciation statute. She then brought an action to contest the validity of the will.
Under the Indiana laws of intestacy, if the husband had died intestate, the wife would have received one-half of the estate. Under the Indiana renunciation statute, she would have received one-third of the estate. (The Illinois laws of intestacy in this regard are the same as the Indiana laws of intestacy.) In holding that she might contest the validity of the will despite her renunciation, the court reasoned that she had a "subsisting property interest in the estate affected by the will." (Herbert, 165 N.E. at 81.) She would receive a larger portion of the estate if the will were set aside than she would by accepting the portion under the renunciation statute. The court said this:
"A further argument of appellees is that, by electing to take under the law, appellant recognized the will and thereby irrevocably fixed the amount she would receive at one-third of the estate and $500, whether the will stands or is set aside, and is *23 now estopped to maintain an action to contest. The fallacy of the argument is readily seen. By her election to take against the will, appellant did not affirm that the will was duly executed, that it was not procured by fraud, or that the party who executed it was of sound mind; she did not by her election, as assumed by appellees, recognize the instrument in question as a valid will. At most, she but recognized or acknowledged the fact that the instrument probated purported to be the will of her late husband, without in any way obligating herself as to its validity. We hold that, by her election to renounce the provision of the will in her behalf, and to take under the law, appellant is not estopped to contest the validity of the instrument." (Herbert, 165 N.E. at 81.)
In support of its position the court cited Miller v. Miller (1871), 52 Tenn. (5 Heisk.) 723, which had held exactly as the Herbert court did.
In a later Indiana case, Haas v. Haas (1951), 121 Ind.App. 335, 98 N.E.2d 232, the appellate court cited the holding of Herbert in support of its decision that a renunciation is not a prerequisite to a will contest. The Haas court explained that Herbert supported its holding because Herbert demonstrated that "the election and contest statutes pertaining to wills are separate and distinct and neither abridges or limits the rights granted under the other unless some principle of equitable estoppel intervenes." (Haas, 98 N.E.2d at 234.) We note that in contrast to the Indiana courts, Florida courts require a party to renounce the provisions of a will as a prerequisite to a will contest. The renunciation is qualified so that the party may take under the will if the contest is unsuccessful. See e.g., Carman v. Gilbert (1994), 641 So.2d 1323.
As in Herbert, the Kentucky Court of Appeals in Murphy's Ex'r v. Murphy (1901), 28 Ky.L.Rptr. 1460, 65 S.W. 165, held that a widow's renunciation of her husband's will was not inconsistent with her action to contest that will. The widow had renounced the provisions of her deceased's husband's will which had been admitted to probate. Under his previous will, she would have received his entire estate. After filing her renunciation, the widow became a party to the contest to the will admitted to probate. The court held that she had a sufficient interest to contest the will despite her renunciation. The court reasoned thus: "There was nothing in such relinquishment to prevent her claim under the previous will. She desired to take under the previous will, or, if she failed in that effort, under the law. We see no inconsistency in her renunciation of the provisions of one will at the same time she was preparing to claim under another." Murphy, 65 S.W. at 166.
The only case cited by the petitioner is Edwards v. Edwards (1943), 193 Miss. 889, 11 So.2d 450. In that case the widow, like the petitioner here, first contested the will. A jury found against the widow; and she appealed to the Mississippi Supreme Court. While the appeal was pending and a few days before the expiration of a six-month time limitation, she filed a renunciation. The executor then filed a motion to dismiss the appeal on the ground that the widow had elected her remedy of taking under the law rather than the will and was therefore estopped to prosecute the appeal. The Mississippi Supreme Court recognized the general rule that where persons have inconsistent remedies available and are doubtful which is the right one, they may prosecute all of them in the absence of facts creating an equitable estoppel. Under that rule, the court held that the appeal could be prosecuted despite the renunciation. The court went further, however, and held that there was no inconsistency. In both cases the widow was claiming as an heir of the decedent and not under the will. The court referred to a section of the probate code which provided that where the will of the husband or wife makes no provision for the other, the law renounces the will for the survivor, who thereupon has the right to share in the estate of the decedent as in the case of unsatisfactory provision, followed by renouncement by the survivor. The court concluded that "if renouncement works estoppel to contest the will, we would have the anomaly of the law itself making the election under [that section of the code] and thereby cutting off the right of contest." Edwards, 11 So.2d at 452.
*24 It is that just-quoted language of the Edwards court that the executor here relies upon to distinguish Edwards. He argues that the Mississippi statute is different from the Illinois statute. Although every jurisdiction that has considered this question has ruled in favor of the surviving spouse's right to renounce and maintain a will contest, we recognize that neither Edwards nor any of the other cases we have cited from other jurisdictions contains a tolling provision similar to that contained in our statute; which leads us to the ultimate question: What was the legislative intent behind the provision which provides for extensions of time within which to file a renunciation and the filing of a petition setting forth the existence of pending litigation?
We insist that the Illinois statute must be read as it is written. It is a limitation on the time in which a renunciation may be filed. It says nothing about the effect of the filing of a renunciation on any pending litigation. In order to support the view of the executor, we would have to conclude that, when the legislature provided for the filing of a petition within seven months "setting forth that litigation is pending," the legislature intended to deprive spouses of the right to renounce the will at the same time that they had a will contest on file.[1] But if the spouses did renounce the will the legislature intended that they would lose the right to contest. That is a legislative intent that we cannot accept. The statute simply gives the spouse another option. A spouse might not wish to file a renunciation claim until after a will contest is resolved. But to read into the statute the legal conclusion that, if surviving spouses do not wait and do file a renunciation, they necessarily lose their right to contest the will is unjustified. If that was the intent of the legislature, it would have required no special art of draftsmanship to say so. Surely the law requires clear notice of such legislative intent than is provided in this statute.
It is obvious that it would have been better and safer if the petitioner had followed the statute without immediately filing the renunciation; but, we repeat, the statute is directed to the time to file a renunciation; it was designed to give a spouse more time before making a decision. The primary purpose of the renunciation statute is to enable spouses to elect which method of taking would be most advantageous to them. (First National Bank v. McMillan (1957), 12 Ill.2d 61, 145 N.E.2d 60.) To the date of the order which is the subject of this appeal, no inventory had been filed and there had been no determination of the value of the properties or what claims existed against the estate. Consequently, we agree with the petitioner that he lacked sufficient information to make an informed judgment as to what remedies he should pursue. We see no difference between a rule that provides that the filing of a renunciation does not bar a will contest with the rule that permits alternative pleading.
At this point it is appropriate to refer to the expressions of the supreme court in In re Donovan's Estate (1951), 409 Ill. 195, 98 N.E.2d 757, in which the surviving husband, who was an executor and trustee under the will, also renounced the will. Other executors maintained that the husband was estopped to renounce because he had acted as an executor and trustee. The supreme court rejected that argument on the ground that the husband's "conduct has injured no one entitled to complain." (Donovan, 409 Ill. at 206, 98 N.E.2d 757.) We ask: Who is harmed by permitting a spouse to file a will contest and a renunciation at the same time? The executor has pointed to no one. As the supreme court held in Donovan, renunciations are not always final; they may be withdrawn if the court is satisfied that the renouncer has shown good reasons for the withdrawal.
The filing of both a will contest and a renunciation in the probate proceedings does not overly tax the administrative powers of the court to manage its own affairs in an orderly way. Probate proceedings are very often complicated and time-consuming. There is no reason why the question of renunciation might not be held in abeyance until after the disposition of the will contest. *25 Surely equity and simple fairness should dominate when construing a statute rather than a rigid, harsh and mechanical interpretation, the effect of which is to deprive a person of a cause of action. For these reasons, we judge that the order dismissing the will contest complaint was improper.
The petitioner also filed a motion to withdraw his renunciation in order to permit him to proceed with the will contest. That motion was denied; and the petitioner has also appealed from that denial. Because we have determined that the will contest should not have been dismissed, the question of the withdrawal of the petitioner's renunciation to permit him to proceed with the will contest is now moot. Therefore, we need not discuss the second part of the petitioner's appeal.
The judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed and remanded.
McNAMARA, P.J., and RAKOWSKI, J., concur.
NOTES
[1] We wonder why the petitioner in this case would have to file a separate petition telling the judge that litigation was pending when that litigation was already before the same judge.